William R. Brennan, Jr., J.
Motor Vehicle Accident Indemnification Corporation moves to stay arbitration demanded by Edwin C. Brown, a claimant for injuries received in a collision wherein his automobile was struck by' an uninsured automobile. Claimant Edwin C. Brown holds a policy with the standard uninsured driver indorsement, which requires written notice of claim ‘‘ within 90 days or as soon as practicable.” In this instance the accident occurred on August 27, 1959. After commencing an action, plaintiff Brown began to suspect that there might be no insurance coverage, although the uninsured driver had represented himself to be insured. Inquiry was addressed to the Motor Vehicle Bureau, but plaintiff was not advised until March 23, 1960 that the driver was uninsured. A claim was then filed with reasonable speed, and rejected by the respondent, apparently as untimely, though no reason was given. Plaintiff then demanded arbitration coupling his demand with a notice, pursuant to section 1458 of the Civil Practice Act, that unless within 10 days a motion to stay arbitration should be made, respondents would be barred from putting in issue any alleged failure to comply with the contract of insurance. This motion followed.
The claimant here is not a “ qualified person ” as that misleading term is used in section 601 of the Insurance Law, and thus is not governed by the substance or the procedure outlined in article 17-A of that law. He is not one of that unique class of non car-owning pedestrains struck by an uninsured driver in New York State, upon whom the full rigidity of the much criticized time limitations in that statute is wrought. He is an insured under an automobile liability insurance policy, which, by virtue of subdivision 2-a of section 167 of the Insurance Law, contains the standard New York automobile accident indemnification indorsement. With respect to time limitations, this indorsement provides that notice of claim shall be given to the Motor Vehicle Accident Indemnification Corporation “ within 90 days or as soon as practicable ’ the latter phrase of which quotation has been the subject of much judicial interpretation. Most of the cases dealing with the phrase, however, involve situations where the insured, having been involved in an accident for which he might be held responsible, neglected to inform the insurer of the occurrence. Quite naturally, the phrase has been interpreted in those cases to read “ as soon as practicable after *552 the accident. ’ ’ The identical language has yet to be interpreted in its context in the accident indemnification indorsement, and since the indorsement becomes operative, not when there is an accident, but when, in addition, it is ascertained that the proposed defendant is uninsured, it would seem only reasonable that the clause be interpreted as if it read “ as soon as practicable after discovery of the uninsured status ”, provided, of course, that the claimant was reasonably diligent in his efforts to determine the insurance status of his adversary.
The phrase “ as soon as practicable ” has been interpreted as establishing a factual test of reasonable time under all the circumstances. (Vanderbilt v. Indemnity Ins. Co. of North America, 265 App. Div. 495.) The determination of these facts is normally for the jury. (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302.) Here, however, because of the arbitration clause in the indorsement, the court must determine whether this issue of reasonable time is arbitrable. We hold that it is not within the clause, and must be determined by the court rather than the arbitrators. (See Matter of Granese [Motor Vehicle Acc. Ind. Corp.], N. Y. L. J., July 21, 1960, p. 5, col. 5.)
Thus, the only question remaining is whether the determination may be made on affidavits alone, or only after a hearing. In this case it would appear that no hearing is necessary. The facts are not in dispute, and are documented by correspondence between and among the claimant’s attorney, the Bureau of Motor Vehicles, and the Great American Insurance Company. The attorney did everything which could be expected to ascertain the insurance status of the owner and operator of the other vehicle. He was informed on March 23, 1960 that there was no insurance. He filed his claim with Motor Vehicle Accident Indemnification Corporation on March 24, 1960. It can thus be determined as a matter of law that the claim was filed as soon as practicable under the circumstances. The motion is denied and the parties directed to proceed with the arbitration.