Isidor Wassbrvogel,
Spec. Ref. This is a proceeding to determine whether petitioner has complied with certain provisions of a policy of insurance relating to a notice of claim by an insured to the respondent ‘1 insurer. ’ ’
On or about September 20, 1959, petitioner was an occupant of an automobile owned by one Culpepper, the named insured under the policy here involved. Petitioner sustained injuries when the Culpepper car collided with another car (hereinafter referred to as the “ Diaz ” car) at the intersection of 145th Street and Broadway, Borough of Manhattan, City of New York.
Under the terms of the Culpepper policy (similar to other automobile insurance policies issued in the State of New York), petitioner, as a passenger in the insured car, also became an insured entitled to all of the protection afforded by said policy to Culpepper, the named insured. The Culpepper policy, insofar as is here relevant, provided that the respondent (hereinafter referred to as “ M. V. A. I. C.”) will pay “ all sums which an insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile.” As a condition precedent, however, the policy required that a notice of claim be filed with M. V. A. I. C. “within 90 days or as soon as practicable ” after the occurrence of an accident. Notice here was not received by M. V. A. I. C. until March 21, 1960, approximately six months (182 days) after the collision with the Diaz car. Thus, when petitioner asked for arbitration of his claim, in accordance with the terms of the Culpepper policy, M. V. A. I. C. moved to vacate such notice of arbitration on the ground that the notice of claim was not timely given by petitioner under the above-mentioned provisions of the policy. The matter was then referred to this court to determine whether petitioner’s notice, filed with M. V. A. I. C. on March 21, 1960 was due and timely and satisfied the requirements of the Culpepper policy.
As above noted, the requirement that notice be given to respondent applies only to claims involving uninsured cars. It necessarily follows, therefore, that petitioner was not obliged to give notice to respondent until he knew as a matter of fact, that the Diaz car had been operated at the time of the accident while uninsured. C'oncededly, however, as respondent urges, to overcome an extensive and lengthy delay between the occurrence of the accident and the filing of the notice, such as we have here, it must be shown that petitioner and/or his counsel were diligent in their efforts to ascertain whether the Diaz car was insured and, also that they were unaware of the benefits accruing to petitioner under the Culpepper policy until shortly before *962 notice was given to M. V. A. I. C. In the opinion of the court, the record clearly establishes that in the interval between the date of the accident and the date of filing notice with M. V. A. I. C., petitioner’s counsel made every reasonable effort to determine whether the Diaz car was insured. Inquiry was made by counsel of Diaz, the owner of the car, one Negron, the driver of the car, the New York City Police Department and the New York State Motor Vehicle Bureau. Despite such efforts, counsel was not officially advised that the Diaz car was uninsured until some time in June, 1960. On March 21, 1960, long before that date, however, service of the required notice was made upon respondent by counsel.
Respondent argues that as early as December, 1959, petitioner’s counsel had “ doubts ” and “ suspicions ” that the Diaz car was uninsured and, therefore, should have filed notice with M. V. A. I. C. at this time. It should be noted, however, that in December, 1959 petitioner’s counsel was still unaware of the provisions of the Culpepper policy and the fact that its benefits inured to his client as a passenger in the Culpepper car. In any event, contrary to respondent’s contention, to require petitioner to give notice to M. V. A. I. C. that a ear is uninsured at a time when he is uncertain of this fact, would impose an obligation upon petitioner which does not exist under the terms of the Culpepper policy. Nothing in the policy can be read or construed to mean that petitioner was obliged to treat the Diaz car as uninsured until he knew (after reasonable efforts to so determine) that it was, in fact, an uninsured vehicle (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028). The required notice within “ 90 days or as soon as practicable,” as set forth in the Culpepper policy, means no more than notice as soon as reasonably possible under all of the circumstances of the particular case. In the instant proceeding, where the proof clearly establishes that the injured party was not the owner of the car, did not have possession of the policy of insurance or know its exact terms and made reasonable efforts to ascertain whether the other car involved in the accident was uninsured, the service of notice on M. V. A. I. C. on March 21,1960, must be deemed to be timely and proper (see Matter of Brown [Motor Vehicle Acc. Ind. Corp.], 24 Misc 2d 550). Thus, in the circumstances here involved, it can be determined as a matter of law that petitioner’s claim was filed as soon as practicable.
Settle final order accordingly in favor of petitioner.