Isidor, Wasservocel,
Spec. Bef. This is a proceeding to determine whether petitioner has complied with certain provisions of a policy of insurance relating to a notice of claim by an insured to the respondent “ insurer ”.
On or about March 21, 1959, petitioner received certain personal injuries as a result of an automobile accident involving a vehicle bearing a New Jersey license plate, owned and operated by one John B. Di Simone.
In accordance with statutory requirements of the State of New York, petitioner’s policy here involved provided, in effect, that respondent will pay all sums which petitioner, as an insured, 6 ‘ shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile.” As a condition, however, the policy required that a notice of claim be filed with respondent ‘ ‘ within 90 days or as soon as practicable ” after the occurrence of an accident. Notice here was not given to respondent until April 20, 1960, more than one year after petitioner suffered the injuries for which he seeks to recover.
On September 8, 1960, petitioner served respondent with a demand for arbitration pursuant to the terms of the insurance policy. A motion was then made by respondent for an order vacating the arbitration on the ground that petitioner had not filed his notice within the required time limitation. The issue of timely notice was then referred to this court for determination.
The facts in this proceeding differ greatly from those in a similar matter recently decided by this court (see Matter of Stroud v. Motor Vehicle Acc. Ind. Corp., 26 Misc 2d 960). In this proceeding, as in the Stroud matter, the required notice ‘‘ within 90 days or as soon as practicable ’ ’ means no more than notice as soon as reasonably possible under all of the circumstances of the particular case (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028; Matter of Brown [Motor Vehicle Acc. Ind. Corp.], 24 Misc 2d 550). Here, however, unlike the facts in the Stroud case, where it clearly appeared that Stroud and his counsel were diligent in their efforts to ascertain whether the vehicle involved was insured, the record shows that from March, 1959 until June, *575 1959, neither petitioner nor his counsel did anything to determine whether Di Simone was insured. Likewise, the record shows that petitioner’s counsel’s associate, who handled this matter, admitted that between September, 1959 and February, 1960 nothing was done to ascertain the insurance status of the New Jersey vehicle. The first attempt to determine from the New Jersey Motor Vehicle Bureau the existence of coverage on the Di Simone automobile was not made until April, 1960, more than a year after the accident. The mere unsuccessful attempt by petitioner’s counsel to serve Di Simone in New Jersey in the Summer of 1959 cannot, in and of itself, be deemed to constitute a reasonable or diligent effort to avoid the protracted delay here involved (see Matter of Brown [Motor Vehicle Acc. Ind. Corp.], supra).
The court must also take into consideration the effect of an inordinate delay in filing claim upon respondent’s ultimate liability in a lawsuit. The reason for the provision of timely notice in an automobile insurance policy is an obvious one. It is intended to assist an 6 ‘ insurer ’ ’ such as respondent in its investigation and the necessary preparation for trial. The opportunity to investigate, to gather evidence, to interview witnesses and to canvass the scene of the accident had, by the time the claim here was filed, long since been lost to respondent. Any undue delay in receiving prompt notice of an accident necessarily prejudices a defendant in a subsequent lawsuit and may possibly place him in the precarious position of not having an adequate defense to the claims of the injured party.
In the opinion of the court, petitioner here has failed to show a reasonable excuse, or the existence of circumstances which justify his protracted delay in notifying respondent of his claim. This, therefore, constituted a breach of a material condition of the automobile insurance policy, as above set forth. By such unwarranted delay, it must be deemed, as a matter of law, that timely notice of petitioner’s claim was not given to respondent (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127; Zurich Acc. Ins. Co. v. Harbil Restaurant, 7 A D 2d 433; Macy 3 Co. v. General Acc. Fire & Life Assur. Co., 4 Misc 2d 89).
Settle final order accordingly in favor of respondent within 10 days on 3 days’ notice. No costs are awarded.