James J. Cokroy, J.
This is an application for an order directing the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as the MVAIC) to proceed to arbitration as provided under the New York Automobile Accident Indemnification Endorsement (hereinafter referred to as the Endorsement) to a certain insurance contract.
The petition alleges in substance as follows: Petitioner sustained injuries as the result of an automobile accident on October 23, 1959, between the self-insured (United States Government) vehicle, in which he was then a passenger, and a vehicle which was insured by the Lincoln Mutual Casualty Insurance Company. That company, however, disclaimed for fraud and a claim was presented to the MVAIC on petitioner’s behalf. Prior to, at the time of and since the accident, petitioner and his wife have resided in the same household with her father, who was insured under a policy containing the Endorsement referred to in the opening paragraph. Petitioner’s claim under that Endorsement was rejected by the MVAIC on the ground that he did not qualify as an. “ insured ’ ’ person.
The Endorsement provides in pertinent part as follows:
INSURING AGREEMENTS
I. Damages for Bodily Injury Caused by Uninsured Automobiles: MVAIC will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called “ bodily injury ”, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such unin *951 sured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and MVAIC or, if they fail to agree, by arbitration.
II. Definitions:
(a) Insured. The unqualified word “ insured ” means
(1) the named insured and, while residents of the same household, his spouse and the relatives of either * * *.
CONDITIONS
* * *
6. Arbitration: If any person making claim hereunder and MYAIC do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and MYAIC do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and MVAIC each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.
Two of the basic principles which have in the past controlled the determination of applications such as this are that “ No one is under a duty to resort to arbitration unless by clear language he has so agreed ” (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132) and that “ The only pertinent questions are: (1) whether there is in fact a dispute; (2) whether there is a contract to arbitrate; and (3) whether there is a refusal to arbitrate ” (Matter of Crosett [Mount Vernon Housing Auth.], 275 App. Div. 1051).
Whatever the impact of Matter of Exercycle Corp. (Maratta) (9 N Y 2d 329) upon those principles this court does not believe that it is yet the law in this State that on applications such as this arbitration must follow a finding that there exist a contract to arbitrate, no matter how restrictive, and a dispute, whether or not a dispute which the parties agreed to arbitrate.
That the Exercycle case does not go that far may be demonstrated by the following language of the opinion of Judge Fuld (pp. 334-335):
“ Once it be ascertained that the parties broadly agreed to arbitrate a dispute ‘ arising out of or in connection with ’ the agreement, it is for the arbitrators to decide what the agreement means * * *.
“ It has long been this State’s policy that, where parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled *952 by arbitration, any controversy which arises between them and is within the compass of the provision must go to arbitration. * * * As the court wrote in Matter of Marchant (252 N. Y., at p. 298), ‘ Parties to a contract may agree, if they will, that any and all controversies growing out of it in any way .shall be submitted to arbitration. If they do, the courts of New York will give effect to their intention.’
‘ ‘ As exceptions to this general policy, however, we have held that a court will enjoin arbitration (1) where fraud or duress, practiced against one of the parties, renders the agreement voidable * * * (2) where there is no ‘ bonafide dispute ’ between the parties, that is, where the asserted claim is frivolous * * * (3) where the performance which is the subject of the demand for arbitration is prohibited by statute ' * * * or (4) where a condition precedent to arbitration under the contract or an applicable statute has not been fulfilled.”
It is manifest that the parties in the instant case have not “ broadly” agreed to arbitrate a dispute “ arising out of or in connection with ” the Endorsement but have narrowly agreed to arbitrate two disputes and two alone, i.e., whether the person making the claim is ‘£ legally entitled to recover damages from the owner or operator of an uninsured automobile ’ ’ and “ the amount of payment which may be owing under this endorsement ’ ’.
The dispute in this case is whether the petitioner is an insured within the meaning of the Endorsement. The crucial question presented is whether that dispute is within the compass of the arbitration provision.
Under an arbitration clause identical to that here involved, the Appellate Division of the First Department has held that whether an accident occurred as the result of the operation of a £ £ hit-and-run ’ ’ automobile presented £ ‘ a question of legal liability, i.e., the eligibility of the claimant to recover,” and was thus an issue “which is arbitrable under the indorsement.” (Motor Vehicle Acc. Indemnification Corp. v. Velez, 14 A D 2d 276, 278.) That same court had reached the same result as to the issue whether the accident involved an insured automobile, in a case (Matter of Zurich Ins. Co. [Camera], 14 A D 2d 669) in which it specifically refused to follow what it expressly declared to be the contrary ruling by the Appellate Division of the Third Department in Matter of Phoenix Assur. Co. of New York (Digamus) (9 A D 2d 998).
In the last-cited case, the Third Department held that an arbitration clause almost identical to that here involved limited arbitration “ to the issue of negligence and the resulting ques *953 tion of damages ” and, accordingly, that the issue whether the claimant was an insured under the terms of the policy was one to be determined by the court. In a very recent case (Matter of Motor Vehicle Acc. Indemnification Corp. v. Brown, 15 A D 2d 578) the Appellate Division of the Second Department had before it an arbitration clause identical to that here involved and held that the question of timely notice was not within its purview and could not be submitted to the arbitrators, comparing Matter of Phoenix Assur. Co. of N. Y. [Digamus] (9 A D 2d 998 [3d Dept.], supra).
In Matter of Travelers Ind. Co. (Sherwood) (13 A D 2d 507), the Appellate Division of this Department left open the question whether it was for the courts or the arbitrators to determine whether an automobile was uninsured under an “ 1 uninsured motorist ’ indorsement upon an automobile liability insurance policy ’ ’. The recent determination of that court in the Brown ease, however, seems to indicate that the question has been answered in favor of the courts. If such be the effect of Brown then, of course, a like result must follow in the instant case. But even if such not be the effect of the Brown case, this court believes that the dispute here presented is not arbitrable.
There are actually two provisions in the Endorsement which mention arbitration: Paragraph I of the ‘ ‘ Insuring Agreements ”, entitled “ Damages for Bodily Injury Caused by Uninsured Automobiles ’ ’; and subdivision 6 of the ‘ ‘ Conditions ’ ’, entitled “ Arbitration ”. The crucial language of the latter reads as follows: “ If any person making claim hereunder and MVAIC do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile * * * or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and MVAIC do not agree shall be settled by arbitration ”. It is not a claimant who is legally entitled to recover under the Endorsement but one who is legally entitled to recover from the owner or operator of an uninsured automobile that is described in that arbitration provision. It would seem, therefore, that the person making claim thereunder must be one who has met all other requirements and is thus entitled to proceed to agree or disagree with the MVAIC as to whether he is legally entitled to recover from the owner or operator of the uninsured automobile and, if so, how much he should receive from the MVAIC. A dispute relating to a claimant’s status as an insured bears upon whether he is legally entitled to recover from the MVAIC under the Endorsement, not whether he is legally *954 entitled to recover from the owner or operator of the uninsured automobile.
The pertinent language of paragraph I of the Insuring Agreements, which paragraph also refers to arbitration, leads to the same conclusion. That language reads as follows: “ MVAIC’ will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * #; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and MVAIC or, if they fail to agree, by arbitration.” It seems obvious that the words “ such damages ” which follow the semicolon, refer to the words, “ damages from the owner or operator of an uninsured automobile ’ ’, which precede that punctuation mark.
It was that very reasoning which led Mr. Justice Fine of the Supreme Court, New York County, to the conclusion in Matter of Granese (Motor Vehicle Acc. Indemnification Corp.) (26 Misc 2d 646) that the question of timely notice of claim was not arbitrable. That case was relied upon by Mr. Justice William R. Bbbnnan, Jb., in reaching the same conclusion upon the same question in Matter of Brown (Motor Vehicle Acc. Indemnification Corp.) (24 Misc 2d 550, 551, revd. 15 A D 2d 578, supra). True, the Special Term order was reversed in the Brown case, but on the ground that the issue as to timely notice was basically a factual one and that a hearing was required to determine it. The Appellate Division of this Department specifically stated (p. 579) that “ the question of timely notice is not within the purview of the arbitration clause and cannot be submitted to the arbitrators ”.
In view of the Appellate Division, First Department, cases discussed above, it would seem that the Gránese case does not represent the law in that Department. It cannot be distinguished from the Appellate Division cases on the basis that the issue in Gránese, i.e., as to timely notice, turned upon a provision which was expressly denominated a condition, while the issue in the Velez case (14 A D 2d 276, 278, supra), i.e., as to whether the accident occurred as the result of the operation of a “ hit and run ” vehicle, turned upon a provision which was not so denominated, for the fact is that in the latter case the definition of such a vehicle was contained in 11 Condition, § II, subd. [c] ” of “ the indorsement”.
*955 Determination of the question presented ought not, it would seem, to turn upon the label affixed to the provision which gives rise to the dispute but upon whether the dispute, in the words of Judge Fuld in the Exercycle case (9 N Y 2d 329, 334, supra), “is within the compass of the [arbitration] provision”. So viewed, it is the opinion of this court that the dispute here as to whether petitioner is an insured within the meaning of the Endorsement does not fall within the compass of the narrow agreement to arbitrate.
The Gránese (timely notice), Brown (timely notice) and Digamus (insured) cases are perhaps distinguishable from the Veles (“hit and run” automobile) and Camera (uninsured automobile) cases on the ground that the last two cases involved disputes which did fall within the compass of the narrow agreement to arbitrate. The issue as to whether a person making claim under the New York Automobile Accident Indemnification Endorsement gave timely notice or is an insured has no bearing whatever on the question whether he is “ legally entitled to recover * * * damages from the owner or operator of cm uninsured automobile” (emphasis supplied). In order, however, for such person to show that he is “ legally entitled to recover * * * damages from the owner or operator of an uninsured automobile ” (emphasis supplied), he must prove not only the elements which are traditionally required to make out a case in negligence, for example, Kimbar v. Estis (1 N Y 2d 399, 403), but must also prove that the automobile was uninsured. Since that is an element of his case against, the owner or operator of. an uninsured automobile, it may perhaps be argued that determination of a dispute as to whether the vehicle was uninsured is for the arbitrators.
Since, however, the only dispute which has been shown to exist between the parties here is one which cannot be submitted to the arbitrators, the court may not, over the objection of respondent, do other than deny this application without determining that dispute on the merits. (Civ. Prac. Act, § 1450; Matter of Rosenbaum [Amer. Sur. Co. of N. F.], 12 A D 2d 886.)