William R. Brennan, Jr., J.
This is an application by the Motor Vehicle Accident Indemnification Corporation to vacate a demand for arbitration. The petition discloses that on April 6,1961 the claimant, Judith Levy, was injured while a passenger in a motor vehicle which had been stolen and which, at the time of the accident, was being pursued by the police. A notice of intention to make a claim against the Motor Vehicle Accident Indemnification Corporation was served on May 26, 1961 in accordance with the terms of the New York Automobile Accident Indemnification Endorsement contained in the claimant’s own insurance policy. On November 20, 1961 a demand for arbitration was served upon M. V. A. I. C. and this application followed.
*1056 It is the contention of M. V. A. I. C. that since the claimant knowingly rode in a stolen vehicle, she was not an ‘1 innocent victim ” of an accident and that the Legislature, when it adopted article 17-A of the Insurance Law expressly provided that the purpose for which the Motor Vehicle Accident Indemnification Corporation was created was to secure “ to innocent victims of motor vehicles recompense for the injury and financial loss inflicted upon them ” (Insurance Law, § 600, subd. [2]).
The respondent by her guardian ad litem denies knowledge that the automobile was stolen or was being pursued by the police, but admits that she was arrested, charged with being an accessory to a crime (grand larceny), and pleads that she was exonerated. A ‘ ‘ Transcript of Record ’ ’ from the City Magistrates ’ Court, City of New York, indicating her discharge is attached to the opposing papers.
The first question presented is whether or not the term 1 ‘ innocent victim ” as used in section 600 of the Insurance Law applies to both “ qualified persons” and 1 ‘ insured persons ”, or whether it applies only to the former category. The claimant maintains that since she is an “ insured person ’ ’, she is proceeding exclusively under the New York Automobile Accident Indemnification Endorsement and, since that indorsement makes no mention of the term “ innocent person ”, she is, as a matter of contract law, entitled to proceed with the arbitration without demonstrating that she is ‘ ‘ innocent ’ \ In this connection, claimant relies heavily upon the case of Sperling v. Great Amer. Ind. Co. (7 N Y 2d 442). In that case the court was concerned only with a policy of insurance prepared by the insurer, and the intent of the insurer to exclude stolen cars from the coverage could not be determined from a reading of the policy alone. Such is not the ease with the Motor Vehicle Accident Indemnification Endorsement. That indorsement is mandated by subdivision 2-a of section 167 of the Insurance Law, which section provides that any liability insurance policy not containing the indorsement “ shall be construed as if such condition were embodied therein.” The existence of the indorsement, therefore, neither adds to nor substraéis from the obligations of M. V. A. I. O. as set forth in the section requiring the indorsement. In this connection it may be noted that subdivision 2-a of section 167 of the Insurance Law was enacted as part of chapter 759 of the Laws of 1958, the identical chapter by which article 17-A of the Insurance Law was added. Thus, the declaration of purpose set forth in section 600 of the Insurance Law is not confined to article 17-A of which it is a part, but applies with equal force to the entire act of the Legislature including *1057 subdivision 2-a of section 167 of the Insurance Law. The indorsement issued pursuant to the mandate of that latter section, therefore, must be read in harmony with the legislative purpose in enacting the bill. This court is accordingly satisfied that the indorsement to claimant’s policy of insurance did not intend to cover injured persons who did not come within the category of “ innocent victims ”. To hold otherwise would be to establish inconsistent standards of liability upon “ qualified persons ” on the one hand and “ insured persons ” on the other. A reading of the act manifests no such legislative intent.
Having ascertained that the claimant must, in order to recover, fit within the category of an “ innocent victim ”, we are then asked to determine what that term means when applied to a passenger in an admittedly stolen motor vehicle. It is concluded, however, that no such definition need be nor, indeed, should be made by the court. The indorsement above referred to states in no uncertain terms that it shall be for the arbitrators to determine whether or not the insured shall be 11 legally entitled to recover ’ ’. The innocence or lack of innocence of the claimant, just as the contributory negligence or lack of contributory negligence of the claimant, bears directly upon such legal liability and is, therefore, a matter within the exclusive purview of the arbitrators. It is not in any sense a condition precedent or a preliminary issue as were the questions presented in Matter of Motor Vehicle Acc. Indemnification Corp. v. Brown (15 A D 2d 578) and Matter of McGuinness (M. V. A. I. C.) (32 Misc 2d 949) but constitutes part of the ultimate question of legal liability with which it is inextricably bound.
Here, the papers reveal that the claimant has complied with the conditions precedent to arbitration, such as (1) being an “insured” under a policy issued to her parents, (2) filing a timely notice of claim, (3) satisfactorily showing that the automobile in which she was riding was uninsured. There being no factual question which requires a hearing, the motion to vacate or stay arbitration is denied.