Bernard S. Meyer, J.
While the provision in the MVAIC indorsement, that “ Within 90 days or as soon as practicable the insured * * * shall give to MVAIC written notice of claim ’ ’ is interpreted to require only that a notice must be filed within a reasonable time (Matter of MV AIC v. Brown, 15 A D 2d 578), the insured must use reasonable diligence to ascertain the insurance status of the other vehicle involved in the accident (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028; Matter of Stroud [MV AIC], 26 Misc 2d 960, affd. 13 A D 2d 757; Matter of Marcus [MV AIC], 29 Misc 2d 573). In the instant proceeding, the court finds that the accident occurred May 22, 1960, that respondents were aware that the owner of the car had registered it in Connecticut from an address in Bellmore, New York, that summons and complaint were prepared by June 20, 1960, that respondents’ attorney was in contact with the Connecticut motor vehicle authorities as early as September 13, 1960, but did not inquire until March 29, 1961 whether the owner of the Connecticut registered car was insured and at no time attempted to ascertain whether an MV 104 had been filed by the driver of that vehicle with the New York authorities or to obtain copies of same, that respondents’ attorney was informed on April 6,1961 by the Connecticut authorities that the vehicle was not insured, received the forms for making *873 an MVAIC claim on April 20, 1961, and filed the claim with MVAIC on June 14, 1961. Since respondents made no effort between May 22,1960 and March 29,1961 to ascertain the insurance status of the other vehicle, the court holds that their notice was not timely. Arbitration under the indorsement will, therefore, be permanently stayed.