In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and JUDITH LEVY, Respondent.— In a proceeding to vacate a demand for arbitration or, alternatively, to direct that a hearing be held with respect to a claim under an uninsured motorist, indorsement upon an automobile policy issued to the claimant's parents, petitioner appeals from an order of the Supreme Court, Nassau County, entered

February 15, 1962 upon a decision of the court, which denied its application. Order reversed on the law, without costs, and application granted to the extent of remitting the proceeding to Special Term, pursuant to section 1450 of the Civil Practice Act, for a hearing and decision on the preliminary issue of whether claimant voluntarily became or remained a passenger in the automobile with knowledge that it had been stolen, and for the court's determination accordingly with respect to this application to vacate the arbitration demand. The automobile in which claimant was a passenger had been stolen. She seeks damages for injuries sustained by negligent operation of the thief. The automobile collided with another while being pursued by the police. If the claimant knew that the automobile had been stolen when she entered it or had remained therein as passenger after acquiring such knowledge despite reasonable opportunity to alight therefrom, she is barred from recovering from the insurer; her remedy, if any, would be against the thief, for she then is not an innocent victim within the meaning of that term as used in subdivision (2) of section 600 of the Insurance Law. The construction of the term presents an issue of law to be judicially resolved and is not within the competence of the arbitrator. The preliminary factual issue should be determined by Special Term in accordance with section 1450 of the Civil Practice Act (*Matter of Rosenbaum* [*American Sur. Co., N. Y.*], 11 N Y 2d 310). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur. [32 Misc 2d 1055.]