Jacob Markowitz, J.
Respondent commenced arbitration proceedings against Motor Vehicle Accident Indemnification Corporation pursuant to the provisions of the so-called New York MVAIC Endorsement.
Petitioner moved for an order vacating a demand for arbitration on the ground that respondent failed to comply with the condition of the New York Automobile Accident Indemnification Endorsement, which called for written notice of claim within the time allowed therefor, or, in the alternative, for an order directing a hearing of the issue of timely written notice of claim to the MVAIC and to stay the arbitration demanded and all proceedings therein pending the determination of said issue. Special Term directed a trial of the afore-mentioned issue and a temporary stay of arbitration.
This preliminary proceeding is pursuant to the directive of Special Term. Accordingly, the issue to be determined is “ whether the respondent complied with a condition in a liability insurance policy which provided: ‘ within 90 days or as soon as practicable the insured, or other person making claim, shall give to MVAIC written notice of claim under this endorsement ’ ”.
It appears from the testimony and evidence introduced that the accident occurred on July 18, 1961 and that respondent retained counsel within a day or two thereafter. A claim letter was seasonably sent to the prospective defendant as well as a request to the police of their accident report. The letter to the alleged wrongdoer was returned by the postal authorities and marked ‘ ‘ Removed, left no address ’ ’.
On August 8, a request for insurance information was sent to the Department of Motor Vehicles, and another on September 26 since the first request had not been complied with. Sometime in the middle of October, a departmental form was sent to the respondent advising him of no insurance, but attached thereto, was a mimeographed note signed by the financial security section, Department of Motor Vehicles, stating that “ An investigation of this matter is being made. You will be advised at a later date of our findings or action.”
On November 10, respondent again asked the Department of Motor Vehicles for the result of its investigation, and was informed on November 15 that the department was “ compiling pertinent data regarding the matter ”, and that respondent “ will be advised as soon as possible as to the findings and/or action.” On November 22, another request was sent to the department in an effort to find a new address for the elusive driver, but this *26 proved fruitless since the original address appeared unchanged. Thereafter, a final report from the Department of Motor Vehicles dated February 29,1962 was sent, informing respondent that the motor vehicle involved was not covered by financial security on the date of the accident. After receipt of the last notice, respondent ’s attorney called the MVAIC for claim forms but was advised that they would not be sent because the 90-day period had expired. He, therefore, went down to pick them up, and after some further delay due to his inability to get the requisite medical certificate, a notice was filed “on or about April 11th or 12th.” Petitioner offered no testimony herein, and is basing its claims on what it deems to be the legal principles involved.
In asserting claims under the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A), “ qualified persons ” who fail to file notices of claims in the requisite 90-day period are barred from asserting their claims, even though they were prevented from so doing by administrative delay in informing them of noninsurance (Matter of Johnson v. Motor Vehicle Acc. Ind. Corp., 218 N. Y. S. 2d 289), or administrative misinformation (Ortis v. Pabon, 22 Misc 2d 241). The rationale of these decisions lies in the fact that the rights specified in article 17-A of the Insurance Law are in the form of a legislative sufferance, creating new rights for certain classifications of persons, who under pre-existing law had no recourse whatsoever. Thus, in relation therewith, the court is without power to go beyond the technical limits set up by the Legislature in its enactments.
However, although the MVAIC is also involved here, the proceeding in this instance is not brought by a qualified person as limited by statute, but by an insured person under a contract of insurance. The procedures necessary to invoke coverage are, therefore, governed by a contraetural relationship and not restricted to a statutory one. Thus the rationale of the interpretation of the statutory limitations are not applicable to the instant case.
Unlike its counterpart in the statute (Insurance Law, § 608), the 90-day clause of the insurance contract indorsement is both amplified and tempered by the phrase “or as soon as practicable,” which “ means no more than notice as soon as reasonably possible under all of the circumstances of the particular case.” (Matter of Stroud v. Motor Vehicle Acc. Ind. Corp., 26 Misc 2d 960, 962.) In the instant case, the insured diligently attempted to ascertain whether or not coverage existed. However, he was frustrated by the conflicting and inadequate data, as well as the delayed process of administrative machinery. He was under no obligation under the contractual provisions cover *27 ing him, to give notice at a time earlier than when he knew as a matter of actual fact that the other automobile was uninsured. (Matter of Stroud v. Motor Vehicle Acc. Ind. Corp., supra.) Under the circumstances herein found, it, therefore, must be determined that notice was given as soon as practicable. The issue having been determined in respondent’s favor, the arbitration will be directed to proceed.