■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and NETTIE BIESELIN, Respondent. — Order entered on September 20, 1962 unanimously reversed on the law, with $20 costs and disbursements to appellant, and motion for a stay of arbitration granted, with $10 costs. Without reaching a determination of whether or not the letter of February 9, 1960 to MVAIC was effective to constitute in the first instance due notice of claim, and whether or not consequently or otherwise timely notice of respondent's claim was given to MVAIC, we conclude that, as a matter of law, there was a failure on the part of respondent to timely furnish a written and verified proof of claim as required by the MVAIC indorsement. It was thereby provided that "As soon as practicable after written request by MVAIC, the insured or other person making claim shall give to MVAIC written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. * * * Proof of claim shall be made upon forms furnished by MVAIC unless MVAIC shall have failed to furnish such forms within 15 days after receiving notice of claim." The respondent, by its letter of February 9, 1960, alleged to constitute notice of her claim, requested that MVAIC forward "the necessary forms required to file a claim against the * * * uninsured driver." In reply, MVAIC, by letter of March 1, 1960, transmitted to respondent a form of report to be used, requested that it be filled in, notarized and returned in enclosed self-addressed envelope, and warned the respondent that: "Failure to return this to us within 90 days after the occurrence of the accident, unless there are some extenuating circumstances, may cause you to forfeit your rights under the act." By said letter, respondent was also notified that this form of report together with a medical report was "necessary to perfect your claim so that we can carry on and make the necessary investigation. Kindly see that we get them as promptly as possible because the expediting of the handling of this matter depends upon these forms being returned to us completed." Respondent, on receipt of this March 1 written request from MVAIC was bound to proceed "as soon as practicable" to furnish it with written proof, under oath, of her claim. She was not misled by MVAIC's short delay in responding to her February 9 letter. Furthermore, MVAIC's failure to forward the forms within 15 days after receipt of said letter did not, under the terms of the MVAIC indorsement, relieve respondent of the obligation to furnish proofs of claim. The fact that she may have thereby been relieved from using the MVAIC forms would not excuse her altogether from such obligation. Notwithstanding MVAIC's specific request of March 1, 1960 for the proofs of claim, and notwithstanding her attorney was officially notified on May 10, 1960 by the Bureau of Motor Vehicles that the other driver was uninsured, the respondent did not complete and file the report requested or any proof of claim with MVAIC until August 11, 1960. Respondent's delay in this respect was unreasonable, and there being no satisfactory explanation for her failure to comply with the conditions set out in the MVAIC indorsement and no issue of fact existing in this connection, appellant's motion for stay of arbitration should have been granted. (Cf. *Matter of Stroud* [*MVAIC*],

26 Misc 2d 960, affd. 13 A D 2d 757; *Matter of Marcus* [*MVAIC*], 29 Misc 2d 573; *Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127, 129; *Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116, 128; *Vanderbilt* v. *Indemnity Ins. Co. of North America*, 265 App. Div. 495, 496.)   Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.