## Jordan v. Allstate Insurance Co.

*Franklin J. Seyfert* and *John Crane,* for petitioner.
*John S. J. Brooks,* for respondent.

CURRAN, J., June 21, 1963.—The petition filed in this matter on behalf of Agnes P. Jordan alleges that on June 29, 1960, she and the respondent, Allstate Insurance Company, entered into a written contract of insurance for a period of one year; that said policy contained a provision for "Protection Against Bodily Injury by Uninsured Automobiles"; that petitioner's husband, while a passenger in an automobile operated by Marcus Bingham on October 23, 1960, was killed as a result of an automobile accident; that the said Marcus Bingham was an uninsured motorist at the time of said accident; and that petitioner has made demand upon respondent to arbitrate the matter before the American Arbitration Association in accordance with the terms of the policy but that respondent has refused to submit to such arbitration. Petitioner requests this court to compel respondent to comply with the terms of the policy and submit to such arbitration.

Respondent filed an answer to the petition wherein it denies that petitioner's husband was killed while riding as a passenger in the automobile of Marcus Bingham, and also denies that at the time of the accident the said Marcus Bingham was an uninsured motorist. Respondent also avers that petitioner's husband was not an "insured" under the terms of the policy since he was not a member of petitioner's household at the time of the accident. Consequently, respond-

ent concludes that there is nothing to arbitrate before the American Arbitration Association.

The policy of insurance provides, inter alia, as follows:

"Section II—Protection against bodily injury by uninsured automobiles.

"Coverage S—Bodily Injury Benefit Insurance: Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile.

"The following persons are insured under this Section:

"1. The named insured and his relatives while residents of his household. . . .

"Determination of legal liability and amount of damages:

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. . . ."

The crux of respondent's argument is that under the terms of the insurance policy the parties have agreed to submit to arbitration only the issues of (1) whether or not the *insured* is legally entitled to recover damages from the owner or operator of an uninsured automobile, and (2) if so entitled the amount thereof; however, the parties did not agree to submit to arbitration the issue of whether or not a particular injured

person is an *insured* under the terms of the policy. Respondent argues that it is for the court to determine the latter issue, and only if the court finds a claimant to be an "insured" under the terms of the policy is respondent obligated to arbitrate the issues involving the liability of the uninsured motorist.

The law is clear that every reasonable intendment will be made in favor of the validity of contractual provisions for arbitration with respect to a controversy arising out of the subject matter of that contract: Wm. Linker Co., Inc. v. Feinberg, 360 Pa. 601. However, it is equally clear that arbitration agreements are strictly construed and are not to be extended by implication: J. S. Cornell & Son, Inc. v. Rosenwald, 339 Pa. 18. The parties to a contract have the right to determine and specify the issues or disputes to be arbitrated, and an arbitrator is confined to a consideration of those agreed issues: Ellwood City Motor Coach Co. v. Ellwood City Traction Workers Union, 67 D. & C. 401.

An order by this court compelling arbitration on a particular issue can only be entered if the parties have contractually agreed that the issue in dispute shall be submitted to arbitration, and whether such a dispute is covered by the arbitration provision is a question of law involving the construction of the written contract: J. S. Cornell & Son, Inc. v. Rosenwald, supra.

Applying the above principles to the instant case, and reading the policy as a whole, we are convinced that respondent's position is correct and that any order compelling it to proceed to arbitration at this time would be premature. Since in our opinion the language of the policy is not ambiguous there is no need to construe it most strongly against the respondent insurance company.

This is not the situation where the parties have agreed to arbitrate "any and all" disputes arising out of or in connection with the policy of insurance. On the

contrary they have narrowly agreed to arbitrate only two disputes, i.e., whether the insured is *legally entitled to recover damages from the owner or operator of an uninsured automobile,* and if so entitled the amount of such damages. The parties have not agreed to let an arbitrator decide whether or not a particular claimant is an *insured* within the coverage of the policy so as to enable such claimant to be entitled to recover his damages, if any, from the respondent: McGuinness v. Motor Vehicle Accident Indemnity Corp., 225 N.Y.S. 2d 361.

Accordingly, we enter the following

### Order

And now, to wit, June 21, 1963, it is ordered and decreed that:

1. The petition and rule to show cause why the respondent, Allstate Insurance Company, should not be compelled to proceed to arbitration be and the same is hereby dismissed.

2. The parties shall place this matter on the testimony list for proper disposition of the question as to whether or not petitioner's husband, Harold F. Jordan, was an insured within the terms of the insurance policy in question as of the date of the automobile accident in question.

3. An exception is granted to petitioner.