■ In the Matter of the Arbitration between LOUISE DALRYMPLE, Respondent, and NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.— Judgment, Supreme Court, New York County, entered on February 22, 1972, after a trial before the court without a jury, which dismissed the appellant's petition and vacated a previous stay of arbitration, affirmed. Claimant-respondent shall recover of respondent-appellant $40 costs and disbursements of this appeal. The sole issue on this appeal is the timeliness of claimant's notice of claim, as to which the trial had been directed by Ascione, J. There is no doubt that from the time the claimant retained counsel until the filing of the notice of intention, after some investigation, less than two months later, there was no delay. The only issue of untimeliness concerns the period of some 4½ months between the date of the accident and the date of retention of counsel. The claimant was a passenger in the automobile of her husband from whom she had been separated for approximately three years, and they were living apart. He obtained the license number of the offending vehicle and told her he would take care of the details. After a number of weeks when she did not hear from her husband, she tried to communicate with him, and when she finally reached him, he told her that he had the name of the owner of the vehicle and that he was going to follow up. When nothing further transpired,

she retained her own counsel. Under the circumstances, it was in the sound discretion of the trial court to determine that the notice by the passenger wife was filed " as soon as practicable ". Concur — Nunez, Kupferman and Eager, JJ.; McGivern, J. P., and McNally, J., dissent in the following memorandum by McNally, J.: I dissent and would reverse and permanently stay arbitration for the reason that claimant's notice to Nationwide approximately six and a half months after the accident was untimely, as a matter of law, in view of the inexcusable delay of more than four and a half months before any attempt was made to ascertain the insurance status of the alleged tort-feasor. The issue as to whether or not Hudson Maintenance Corp. was uninsured is not a subject of this appeal. The appeal is limited to the issue of timely filing of notice of claim with Nationwide. In my opinion, since the claimant was not diligent in attempting to ascertain the insurance status of the offending vehicle, the delay in filing the notice was inexcusable and therefore untimely. (*Matter of Kaufman* [*MVAIC*], 25 A D 2d 419; *Matter of MVAIC* [*Tinucci*], 36 Misc 2d 872.)