■ VARNZELL JACKSON, Individually and as Administrator of the Estate of JIMOUL JACKSON, Deceased, Appellant, v

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents, et al., Defendant. [624 NYS2d 256] —In an action for a judgment declaring the rights of the parties under an insurance policy, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Friedmann, J.), dated July 15, 1993, as granted the motion of the defendant Motor Vehicle Accident Indemnification Corporation for summary judgment and declared that the plaintiffs may not seek insurance coverage from the Motor Vehicle Accident Indemnification Corporation.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs, to the respondents appearing separately and filing separate briefs.

Jimoul Jackson died as a result of injuries he sustained while a passenger in a stolen vehicle. The plaintiff Varnzell Jackson, the deceased's representative, commenced this declaratory judgment action to determine whether the decedent was entitled to insurance coverage.

If a passenger in a stolen vehicle is injured, and that passenger knows that the automobile has been stolen either when he enters it or he remains therein after acquiring such knowledge, such a passenger is not an "innocent victim" pursuant to Insurance Law § 5201, and is barred from recovery against the Motor Vehicle Accident Indemnification Corporation as a matter of law (see, Matter of MVAIC [Levy], 17 AD2d 965).

Here, the uncontroverted proof established that the deceased was not an "innocent victim" within the meaning of Insurance Law § 5201.

We have reviewed the plaintiffs' remaining contentions and find that they do not warrant reversal. Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.