Frank A. Gtjlotta, J.
Each of these four motions by Motor Vehicle Accident Indemnification Corporation, also known by the short title MVAIC, seeks a stay of an arbitration proceeding *493 which has been initiated in each case by a claimant-respondent who for one reason or another finds that he has a claim against a motorist who is without liability insurance coverage.
The Scott case involves an uninsured auto; the Di Ceglio case, a hit and run auto; the Caruso case, a disclaimer by the prospective defendant’s insurance company because of late notice; and the Morrison case, a similar disclaimer for the same reason.
These respondents are all “ insured ” persons as that term is defined in section 601 of the Insurance Law, meaning that they have insurance policies of their own which contain the indorsement required by subdivision 2-a of section 167 of the Insurance Law, and which indorsement in paragraph 6 under the title “ Conditions ”, provides for arbitration of claims against MVAIC.
Under parargaph 3 of those same “ Conditions ” the respondent agrees to submit to physical examinations and to examinations under oath “ as may reasonably be required ” by MVAIC and we may justifiably conclude, I think, that by the inclusion of a clause to the effect that proof of claim on forms of MVAIC is required only if it supplies the forms within 15 days after receiving notice of claim, it was the intention of the parties not to unduly protract these preliminary steps.
Aside from the fact that the respondents Scott and Di Ceglio seek to impose as a condition for their oral examination before trial a requirement that they be given prior written notice of the questions which will be asked, a proposition for which they are their own and sole authority, the serious question presented in the Caruso and Morrison cases is whether MVAIC may impose a condition of its own, viz., that the respondent procure a binding judgment as to the validity of the disclaimer by the defendant’s insurance company before proceeding with arbitration. Alternatively MVAIC suggests that the court appoint a Referee to report on this question, so that the court may thereafter summarily dispose of it.
There is nothing in the agreement of the parties to support the first suggestion, and the whole of this article 17-a of the Insurance Law is sufficiently onerous and restrictive of a claimant’s rights, with its highly technical and obscure requirements, without the court’s adding to a claimant’s burdens by implication.
The defendant’s insurance company strenuously objects to any-summary disposal of its rights and insists that they may be determined only in a plenary suit. MVAIC cites no authority to support the second suggestion and the arbitration article of the Civil Practice Act (art. 84) contains none.
*494 There is a method set forth in section 1450 for summarily disposing of an issue as to the making of the contract of arbitration, or the failure to comply therewith, but this of course can have no application to another and different contract between the respondent, who in the statute (Insurance Law, § 600) is called the ‘ ‘ innocent victim[s] ” and MVAIC, the creature brought into being to relieve the victim from his hardship. As between them it should be the latter who pursues the insurance company claimed to have wrongfully disclaimed. As subrogee of the respondent, MVAIC would have the right to follow this issue to a final conclusion and there is no reason why the one who disputes the disclaimer, should not have the burden of proving it. For the purpose of making a claim under his own policy, it is sufficient for the respondent to show that there has in fact been a disclaimer, and that prima facie there is a valid basis for it.
The insurance companies as a group, who in the person of MVAIC underwrite the expenses of this program (Insurance Law, § 607), in logic and equity should finance the litigation with one of their own members.
Although the movant here claims such a determination to be a condition precedent to the maintenance of an arbitration proceeding, one looks in vain for any such provision in the insuring agreement or in the statute. In Matter of Phoenix Assur. Co. (Digamus) (9 A D 2d 998) which is a case similar to the present, in that it arose under an uninsured motorist’s indorsement, but in which plaintiff’s insurance company was the petitioner instead of MVAIC, the Third Department held that, upon an issue having been raised as to whether the defendant was an uninsured motorist, on a motion to stay arbitration, Special Term should have permitted the insurance company to offer its proof on the question before deciding the motion. This of course is very different from what MVAIC has proposed on these applications, to wit: that a determination be made binding on defendant’s insurance company.
In Matter of Travelers Ind. Co. (Sherwood) (13 A D 2d 507, revg. 26 Misc 2d 513), the Second Department held on a similar application, that the court was the proper forum to determine if defendant’s auto was uninsured, but only because respondent had made an election to that effect by bringing an action for a declaratory judgment. However, the court left open the question of whether, in a case where no election had been made, the determination should be made in the first instance by the courts, or by the arbitrators.
*495 Here on the papers now before the court, there seems to be a good deal of substance to the disclaimer in the Morrison case, and only the flimsiest ground for same in the Caruso case. However, since there may be more proof adduced at a hearing, decisions on the motions will be withheld pending a hearing which is hereby set down for April 28, 1961 at 10:00 a.m., one to follow immediately after the other.
Accordingly, stays are granted in the Scott and Di Ceglio cases until the respondents submit to the required examinations. In the other two cases, temporary stays are granted until the holding of the hearings herein directed, and determination of the motions.