Morris E. Speotor, J.
Motion to stay arbitration is denied. Subdivision 2-a of section 167 of the Insurance Law requires that all policies must insure against loss by “ an insured motor vehicle where the insurer disclaims liability or denies coverage There is no requirement that the disclaimer be a valid one.
Although setting up a statutory scheme for recovery by a “ qualified person ” (Insurance Law, art. 17-A), a person who is covered by a policy of insurance issued pursuant to section 167 recovers under the policy terms as set forth in that section. The Legislature did not intend to limit an “ insured ” to the involved process whereby a “ qualified person ” recovers from an insurer to which no premium is paid on his behalf.
Petitioner’s cases are not applicable. In Matter of Travelers Ind. Co. (Sherwood) (13 A D 2d 507) the respondents had waived their right to arbitration. In Matter of Phoenix Assur. Co. (Digamus) (9 A D 2d 998) the insurance company raised the issue as to whether or not the driver of the car was an insured motorist. The Appellate Division held that this matter should have been resolved by the court and not the arbitrators. But, in the instant case, the petitioner does not deny that the *52 driver’s insurance company has disclaimed. It merely alleges that the validity of the disclaimer must be tried by a court. Phoenix held that whether a car or driver is “ insured ” or not should be determined by the court and not the arbitrators. We agree that the court should determine whether ‘ ‘ the insurer disclaims liability ”, but there is no requirement that the disclaimer be a valid one as contended by petitioner.
The entire phrase with which we are dealing reads ‘1 an insured motor vehicle where the insurer disclaims liability or denies coverage ’ ’. If in the instant case the insurance company had denied coverage, there ivould be no question as to whether or not the denial was valid since if it was valid the car would be “an uninsured vehicle ” already referred to within the section. It should be further noted that nowhere does petitioner allege that the disclaimer was in fact invalid. The cross motion to compel arbitration is granted.