Joseph A. Suozzi, J.
Application to stay a demand for arbitration of a claim filed against the Motor Vehicle Accident Indemnification Corporation (MVAIC). The claimant, Boslyn Goldman, allegedly sustained injury while a passenger in a vehicle owned and operated by one Fred K. Biddles. The insurance carrier, which insured Mr. Riddle’s car, Maryland Casualty Company, has disclaimed liability under its policy because of his failure to give timely notice of the accident. Upon learning this fact, the claimant duly filed a notice of claim on the petitioner, the MVAIC.
*704 The status of the claimant is that of an insured person. The right of an insured person to compel arbitration of the issue presented herein has not been answered by the Appellate Division in this Department (see Matter of Travelers Ind. Co. [Sherwood], 13 A D 2d 507). The Appellate Division for the Third Department has held that determination of the question of whether a person is or is not insured is for the courts, and that the only matters subject to arbitration are the issues of negligence and damages (Matter of Phoenix Assur. Co. [Digamus], 9 A D 2d 998). The decisions in the First Department hold otherwise (Motor Vehicle Acc. Ind. Corp. v. Kirby, 12 A D 2d 739; Royal Ind. Co. v. McMahon, 10 A D 2d 926; Matter of Zurich Ins. Co. [Camera], 14 A D 2d 669).
Mr. Justice Johnson of this court in Matter of Motor Vehicle Acc. Ind. Corp. (Spikler) (N. Y. L. J., Sept. 26, 1961, p. 15, col. 1) elected to follow the rule announced by the Appellate Division, Third Department. A hearing to determine the validity of a disclaimer was also ordered by Mr. Justice Gulotta in Matter of Motor Vehicle Acc. Ind. Corp. (Scott) (28 Misc 2d 492). The latter decision clearly points out that such a summary disposition affects only the rights between the claimant and the MVAIC, and not the insurance company which has disclaimed liability and is not a party to the proceeding. The rationale of this decision is that in equity the MVAIC and not the claimant should bear the burden of pursuing the litigation with the insurance company, in this case, the Maryland Casualty Company.
The motion is accordingly granted, and a temporary stay of arbitration ordered until the validity of the disclaimer is determined at a hearing directed to be held at Special Term, Part II of this court, 33 Willis Avenue, Mineóla, New York, on December 6,1961 at 10:00 a.m., subject to the Justice presiding thereat. The Maryland Casualty Company, if it be so advised, is hereby given leave to participate in the proceedings.