William R. Brennan, Jr., J.
Motor Vehicle Accident Indemnification Corporation seeks to vacate a demand for arbitration of a claim, filed against it by Sylvia Mossman and Erie Mossman, who, having the status of insured, persons, have duly served their demand for arbitration under the standard automobile accident indemnification indorsement on their own liability insurance policy.
The accident giving rise to the claim occurred on May 8, 1960 and involved a motor vehicle owned and operated by one Edwards Burrell which was covered by a liability insurance *1053 policy issued by Michigan Mutual Liability Company. Subsequent to the accident, Michigan Mutual disclaimed coverage under the policy and thereafter the claimants herein served their demand for arbitration. M. V. A. I. C. alleges that the disclaimer by Michigan Mutual was based upon an alleged late notice of the accident and that its own investigation revealed that the disclaimer is invalid because in fact notice was given to Michigan Mutual at the earliest possible time pursuant to section 167 (subd. 1, par. [d]) of the Insurance Law. M. V. A. I. C. maintains that before the claimants are entitled to go forward with the arbitration, a determination, or at least a prima facie determination, of the validity of the disclaimer must be made.
At the outset, it must be noted that the claimants are insured persons as defined in subdivision i of section 601 of the Insurance Law and are pursuing their remedies, not as “ qualified persons ” under article 17-A of the Insurance Law, but under the standard automobile accident indemnification indorsement on their own insurance policy. No copy of this indorsement is submitted with the papers, but the court, having reviewed a number of these indorsements, notes that many of them contain no reference whatsoever to insured motor vehicles where the insurer disclaims liability or denies coverage. Notwithstanding this omission, however, subdivision 2-a of section 167 provides in pertinent part as follows: “No policy insuring against loss resulting from liability imposed by law for bodily injury * * * shall be issued * * * unless it contains a provision whereby the insurer agrees that there will be paid to the insured, as defined in such provision, by the Motor Vehicle Indemnification Corporation, * * * all sums * * * which the insured or his legal representative shall be entitled to recover as damages from an owner or operator of * * * an insured motor vehicle where the insurer disclaims liability or denies coverage * * *. Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein.” (Emphasis supplied.)
Accordingly, the indorsement on these claimants’ policy will be read as binding the M. V. A. I. C. to pay damages legally recoverable from the owner or operator of “an insured motor vehicle where the insurer disclaims liability or denies coverage ”.
In Matter of Motor Vehicle Acc. Indemnification Corp. v. Brown (15 A D 2d 578) the Appellate Division of the Second Department held that the question of timely notice of claim, being a condition precedent to arbitration proceedings, could not be submitted to the arbitrators, but should be passed upon *1054 in the first instance by the courts. The rationale of this decision would seem to apply with equal force to the question of whether or not an insurer has “ disclaimed liability or denied coverage ”, for if in fact there has been no disclaimer, then the automobile accident indemnification indorsement on the claimants’ own policy would not come into effect. Therefore, it would appear that it is for the court rather than for the arbitrators to determine the fact of disclaimer. This court is not unaware of the learned decision of Mr. Justice Farley in Motor Vehicle Acc. Indemnification Corp. v. Schuyler (N. Y. L. J., Dec. 26, 1961, p. 11, col. 2) in which it was held that a related question was one for the arbitrators. This decision, however, was written prior to the Appellate Division’s decision in M. V. A. I. G. v. Brown (supra) and was in fact based upon two prior decisions of the Appellate Division, First Department (Motor Vehicle Acc. Indemnification Corp. v. Velez, 14 A D 2d 276; Matter of Zurich Ins. Co, [Camera], 14 A D 2d 669). Later cases in this Department accord with the view that such preliminary questions are to be determined by the court. (Cf. Matter of McGuinness [M. V. A. I. C.] (32 Misc 2d 949 [Conroy, J.].)
Consequently, if the facts of disclaimer were in dispute, this court Avould stay the arbitration pending a judicial determination of that fact after a hearing. However, no such question is here presented. M. V. A. I. C. concedes that Michigan Mutual did in fact disclaim under its policy issued to Mr. Burrell. What M. V. A. I. C. does claim is that Michigan Mutual had no valid reason to disclaim. This is an entirely different question and one upon which no final determination can be made by this court in this proceeding. The Michigan Mutual Liability Company is not a party to this litigation and would not be bound in any way by any determination, prima facie or otherwise, of the validity of its disclaimer.
In Matter of Motor Vehicle Acc. Indemnification Corp. (Scott) (28 Misc 2d 492 [Gulotta, J.]) and in Motor Vehicle Acc. Indemnification Corp. (Goldman) (N. Y. L. J., Dec. 5, 1961, p. 18, col. 7 [Suozzi, J.]) it was pointed out that in equity the M. V. A. I. C., and not the claimant, should bear the burden of pursuing any litigation with a disclaiming insurance company, which is a member of M. V. A. I. C., on the validity of the disclaimer. We are in accord Avith the rationale of those decisions, but respectfully disagree with so much thereof as sets down for a preliminary hearing the “prima facie” validity of the disclaimer.
Under the indorsement, as it is required to be read by subdivision 2-a of section 167 of the Insurance Law, it is enough that *1055 the claimants demonstrate that the insurer of the other vehicle has in fact disclaimed liability. Upon such a showing the automobile- accident indemnification indorsement on the claimants’ own policy comes into play and they are entitled thereunder to proceed without further delay to arbitrate their claim. The M. V. A. I. C. may be fully protected as subrogee of the claimants’ cause of action and may proceed in a plenary action against the disclaiming insurance carrier to determine the validity of its disclaimer. There is no reason in law or in equity to read into subdivison 2-a of section 167 a requirement that the claimant prove the prima facie validity of the disclaimer of another insurance carrier with which he has no contract, no connection, and over which he exercises no control, in order to effectuate his own contractual rights under his own insurance policy. The onerous burden placed upon a claimant under the Motor Vehicle Accident Indemnification Law should not be extended by implication. The motion to stay arbitration is accordingly denied.