Louis B. Heller, J.
The petitioner, Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, seeks a stay of arbitration proceedings instituted by an insured person under an automobile liability policy, “ until such time as a hearing is had to determine the validity of the conditions precedent.” (Emphasis supplied.)
Petitioner’s application is grounded upon the premise that there is here present a threshold issue, to wit, the 1 ‘ legal determination of the validity of the alleged disclaimer ’ ’ by Lumbermens Mutual Casualty Co., which insured the offending motor vehicle at the time of the accident. The petition alleges that Lumbermens 11 subsequent to the accident * * * disclaimed coverage under the policy * * * as a result of alleged late notice ”. MVAIC, claiming to be possessed of information which negates the basis for the insurance com *568 pany’s disclaimer, alleges that “ the disclaimer herein has no prima facie validity.” It is petitioner’s contention that respondent is obliged to show, as a prerequisite to enforcement of its claim, that Lumbermens’ disclaimer was in fact a disclaimer having prima facie validity.
The respondent, operator of an insured automobile, received certain injuries as a result of an accident on July 9, 1960 involving a motor vehicle insured by Lumbermens. Six months later the injured party’s attorneys received written notification from Lumbermens that the insurance company 1 ‘ has denied coverage under its automobile liability policy ”. Though reasons for the disclaimer have been assigned by both the petitioner and the respondent, the letter of disclaimer contains none.
The giving of such notice by the insurance company to the injured party is mandatory (Insurance Law, § 167, subd. 8).
By statute respondent is an “insured” person (Insurance Law, § 601, subd. i) as distinguished from a “ qualified ” person (Insurance Law, § 601, subd. b). Though such distinction is of no importance on the instant application, it will hereinafter be seen that the point raised herein affects both classes of persons. Respondent’s rights as an injured party are derived under the New York Automobile Accident Indemnification Endorsement, a copy of which is attached to the answering affidavit. The indorsement is required by.statute to be included in every automobile policy issued in this State. (Insurance Law, § 167, subd. 2-a; L. 1958, ch. 759). Though the copy indorsement submitted herein contains no specific reference to a disclaimer, the indorsement is deemed as a matter of law to include protection for an insured 11 where the insurer disclaims liability or denies coverage ’ ’. (Insurance Law, § 167, subd. 2-a.)
The issue here presented is centered upon the meaning of the quoted clause, ‘ ‘ where the insurer disclaims liability or denies coverage ”.
It is the court’s opinion that the language of the cited statute “ is without ambiguity, and the meaning unequivocal, [and that] there is no necessity for resort to rules of construction (New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1, 6.) Nevertheless, even upon an examination of the statute and the legislative intent therein expressed, the court is obliged to construe the quoted language literally since it expresses the evident intent of the Legislature.
The MVAIC law (Insurance Law, art. 17-A [§ COO et seq.]) containing parallel protection for “ qualified” persons in disclaimer cases, and the afore-mentioned subdivision 2-a of section 167 of the Insurance Law, were simultaneously enacted. *569 (L. 1958, eh. 759.) The Legislature stated its finding that the Motor Vehicle Responsibility Law of 1956 “ fails to accomplish its full purpose of securing to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them, in that the act makes no provision for the payment of loss ” in seven different situations therein recited. (Insurance Law, § 600; emphasis supplied.) “ [W]here the insurer disclaims liability or denies coverage ” is one of the situations covered. It cannot be, nor is it, disputed that the court’s conclusion herein does accomplish the ‘‘ full purpose ’ ’ above described, i.e., to gain recompense for an innocent victim not only for his injuries but also for the financial loss inflicted.
It is also obvious that to adopt the petitioner’s position would require a holding that the newly created statutory right must be restricted to a situation where the injured party is first able to prove, at least prima facie, that the disclaiming insurance company had valid legal grounds for disclaiming before bringing himself within the purview of the statute.
For petitioner’s contention to be sustained herein it was incumbent upon MVAIC to show that somewhere else in the said statute another section restricted the literal meaning of the language employed. (See 2 Sutherland Statutory Construction [3d ed.], § 4702, p. 335.) No such showing has been made.
Actually MVAIC omits any contention that its position is sustained by statutory interpretation. It chose to base its argument wholly upon a selected few of certain prior court decisions which have lacked unanimity. (Matter of Motor Vehicle Acc. Ind. Corp. [Scott], 28 Misc 2d 492; Matter of Motor Vehicle Acc. Ind. Corp. [Goldman], 33 Misc 2d 703.) A disagreeing court acknowledged its “ accord with the rationale of those decisions,” i.e., that MVAIC “ should bear the burden of pursuing any litigation with a disclaiming insurance company, ’ ’ but it pointedly held that it must “ respectfully disagree with so much thereof as sets down for a preliminary hearing the ‘ prima facie ’ validity of the disclaimer.” (Matter of Motor Vehicle Acc. Ind. Corp. [Mossman], 32 Misc 2d 1052.)
Actually, this court does not construe the holding in the Scott case as being authoritative of the position herein taken by MVAIC. The issues raised and determined in the Scott case were foreign to the action finally taken by the court. MVAIC had therein urged upon the court the argument that claimant first obtain a binding judgment regarding the validity of the disclaimer, presumably in a plenary suit involving the insurance company. This was rejected by the court as having no support in the statute. Then MVAIC also urged, in the alterna *570 tive, that the same question of validity of the insurance company’s disclaimer be heard by a Referee “ so that the court may thereafter summarily dispose of it.” (Supra, p. 493.) In rejecting this alternative proposal for lack of authority, the court adopted a modified version of the suggestion and held that “ it is sufficient for the respondent [injured party] to show that there has in fact been a disclaimer, and that prima facie there is a valid basis for it.” (Supra, p. 494 [emphasis supplied].)
MVAIC has based its present application entirely upon the appearance in the Scott decision of the emphasized 11 words, i.e., “and that prima facie there is a valid basis for it ” [disclaimer] . However there is nothing in the decision in that case or in the decision on the hearing subsequently held by the court (N. Y. L. J., May 25, 1961, p. 20, col. 1) to indicate that the injured party took issue with the court’s determination that the claimant'must show, in addition to a disclaimer, that prima facie there is a valid basis for it. Nor does it appear that the parties themselves had made an issue of the point. Prior to the use of the critical words the court had been discussing the unfairness of placing the burden of proving validity upon the claimant. Why it was assumed by the court that any obligation at all existed upon the injured person to Substantiate to any degree the legality of the insurance company’s disclaimer is not shown. For the reasons stated it is questionable whether the holding in the Scott case in reality does lend support to the petitioner’s contention.
In the Goldman case (33 Misc 2d 703, supra) cited by the petitioner, it seems that there again it was assumed, without question, that claimant was required to make some showing as to the validity of the insurance company’s disclaimer.
In interpreting a statutory right Unknown under the common law, the court will not restrict or enlarge upon the legislative creation where a literal application of the statute satisfies the evident purpose of the new law. (Hodges v. Tama County, 91 Iowa 578.)
It is not disputed that a claimant need not obtain a prior adjudication of the insurer’s right to disclaim. (Matter of Motor Vehicle Acc. Ind. Corp. [Turk], 33 Misc 2d 597.)
There is no contention that the injured party is required by the statute to show “ that the disclaimer be a valid one ”, (Matter of Motor Vehicle Acc. Ind. Corp. v. Morera, 31 Misc 2d 51, 52.) Yet, no reason for requiring a claimant to make a prima facie showing of the validity of an insurance company disclaimer has been advanced by the petitioner.
*571 MVAIC has conceded that Lumbermens did disclaim. It is the court’s opinion that claimant need only prove the fact of disclaimer, not its legality. Where no issue has been raised as to whether the insurance company did in fact disclaim, no hearing is necessary. (Matter of Motor Vehicle Acc. Ind. Corp. [Mossman], 32 Misc 2d 1052, supra.)
Petitioner, having failed to make a sufficient showing in support of its asserted position that a preliminary hearing is necessary to determine the prima facie validity of the disclaimer, its application for a stay of arbitration is denied.