Milton M. Wecht, J.
Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC) moves to stay arbitration proceedings. Petitioner questions (1) the status of the respondent as an “insured”, (2) the validity of the disclaimer made by the insurance company covering the offending vehicle and (3) the power of this court in this proceeding to make a determination of such validity.
The court’s authority to determine and enforce respondent’s rights under the arbitration agreement is provided by statute (see Civ. Prac. Act, §§ 1450,1458), The issues presented on the present application are determinable by the court the same as any other motion. (Civ. Prac. Act, § 1459; cf. Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310, 313.)
While petitioner challenges respondent’s status as an insured, it has failed to submit any substantial supporting evidence. The details of respondent’s claim under her mother’s policy were furnished MVAIC last March. It would seem that there then devolved upon MVAIC some obligation to investigate (see McGuinness v. MVAIC, N. Y. L. J., July 31, 1962, p. 7, col. 1). Under the circumstances, the court does not consider the fact that respondent had theretofore asserted the status of a “ qualified ” person under a claim made pursuant to statute (Insurance Law, § 608, subd. [c]; § 167, subd. 8) as sufficient to raise an issue.
MVAIC may not here challenge the validity of the disclaimer, i.e., the insurance company’s right to disclaim, since it is the occurrence of the disclaimer which gives rise to the respondent’s rights (Matter of MVAIC [Holley], 33 Misc 2d 567; Matter of MVAIC [Mossman], 32 Misc 2d 1052). As for the statute (Insurance Law, § 167, subd. 2-a) it makes no requirement that the disclaimer be a valid one. (Matter of MVAIC v. Morera, 31 Misc 2d 51.)
MVAIC has failed to raise an issue with regard to the occurrence of the disclaimer. In my “ opinion, it is conclusively established by the record that the insurer of the automobile in question did disclaim its liability.” (Matter of MVAIC [Lucash], 16 A D 2d 975.) Motion denied.