James J. Conroy, J.
The plaintiffs move for summary judgment and the defendant State Farm Mutual Automobile Insurance Company (State Farm) cross-noves for the same relief in its favor. The action is for a judgment declaring the rights of the plaintiffs with respect to a certain policy of automobile liability insurance.
The plaintiffs are Olga Antushkiw, who was allegedly injured on August 10, 1960, as the result of the negligent operation of an automobile by defendant Peterson, and Nicholas Antushkiw, her husband, who claims damages for loss of services.
The named defendants are Peterson, Laura Brunick, in whose name the vehicle operated by Peterson was registered, Neal Brunick, her husband, State Farm, which had issued the insurance policy in question to Laura Brunick, and the Motor Vehicle Accident Indemnification Corp. (MVAIC). It appears that Peterson has been served with process but has not appeared and that Laura Brunick and Neal Brunick have not been served.
It is not questioned that at the time of the accident the automobile driven by Peterson bore New York State registration plates issued to Laura Brunick. State Farm has denied insur *312 anee coverage, however, contending that prior to the accident Neal Brunick had sold and delivered the automobile to Peterson and transferred the ownership to him. The determination sought by the plaintiffs is with respect to State Farm’s denial of coverage.
No claim for direct relief is pleaded against defendant MYAIC. The latter apparently has been joined as defendant for its own convenience and protection and to save it the necessity of moving to intervene. (Cf. State-Wide Ins. Co. v. Cardinell, N. Y. L. J., Oct. 3,1962, p. 14, col. 4.)
The plaintiffs claim that the action against State Farm was brought because MYAIC informed them that a declaratory judgment validating State Farm’s denial of coverage was necessary in order to prosecute a claim against MYAIC for indemnification. This information was erroneous as the plaintiff Olga Antushkiw was the owner and operator of an insured automobile and was, therefore, ‘ ‘ an insured ’ ’ person as defined in the Motor Yehicle Accident Indemnification Corporation Law (Insurance Law, § 601, subd. i). As such, it is not necessary for her to prove that State Farm has validly disclaimed or denied coverage but only that it has in fact done so. (Matter of Motor Vehicle Acc. Ind. Corp. [Holley], 33 Misc 2d 567; Matter of Motor Vehicle Acc. Ind. Corp. [Mossman], 32 Misc 2d 1052.)
If the plaintiffs and MYAIC cannot agree with respect to a settlement of the claim, the remedy is to demand arbitration pursuant to the insured motorist’s indorsement which was required to be attached to her insurance policy by subdivision 2-a of section 167 of the Insurance Law. (Cf. Matter of Motor Vehicle Acc. Ind. Corp. [Holley], supra, p. 568.)
Nevertheless, the plaintiffs do have a right to a declaratory judgment with respect to State Farm’s liability to them under Laura Brunick’s policy. (Shukry v. Johnsson, 17 A D 2d 835; De Abreau v. Lumbermens Mut. Cas. Co., 32 Misc 2d 634.)
The contentions of State Farm, however, raise questions of fact concerning the alleged transfer of the automobile it insured which are sufficient to bar summary judgment to the plaintiffs (Phoenix Ins. Co. v. Guthiel, 2 N Y 2d 584) and, accordingly, their motion is denied.
The defendant State Farm’s cross motion is also denied. No affidavit of anyone having knowledge of the facts is offered. Moreover, none of the parties who has appeared has actual knowledge of the facts. The unsworn statement of Neal Brunick offered by State Farm to support its cross motion in itself demonstrates the existence of issues of fact which preclude the granting of summary relief.