Louis B. Hrt.t.nr, J.
Motion is made by the defendant owner of the motor vehicle which struck the infant plaintiff for leave *1085 to amend Ms answer so as to deny rather than admit allegations of the complaint with respect to operation and control.
The accident occurred on September 24, 1962. As a precautionary measure plaintiffs’ attorney “filed a notice of intention of claim upon the Motor Vehicle Accident Indemnification Corporation ”, hereinafter referred to as MVAIC, on or about the 27th day of November, 1962 because of the possibility that the offending vehicle might be uninsured. Plaintiffs commenced the instant common-law negligence action on or about December 10, 1962. The defendant owner’s answer was served on or about December 20, 1962. Defendant’s attorney asserts that the admission therein contained pertaining to consent to operate the vehicle was due to oversight and error.
It is urged on behalf of the plaintiffs, the infant and his guardian, that prejudice will result if the amendment is allowed. Their attorney asserts that in January, 1963 he “ did in conversations had with the representative of the M. V. A. I. C. advise it that in as much as the answer conceded ownership, operation, control and management by the son of the defendant, that the plaintiff [sic] was not proceeding with its [sic] claim as against the M. V. A. I. C.” Apparently basing his conclusion upon the foregoing conversations, the attorney “ states that the case of the infant and Ms guardian will be seriously jeopardized in that they may no longer have a claim with the M. V.A.I. C.” (Emphasis supplied.)
An examination of the statutory origin of an injured party’s rights against the Motor Vehicle Accident Indemnification Corporation and pertinent decisional law will reveal the tenuousness of plaintiffs ’ plea of prejudice.
The statutory right against MVAIC was created to provide a remedy for victims of uninsured motor vehicle accidents where none existed prior thereto (Insurance Law, § 600, subd. [2], in effect Jan. 1,1959). The statute specifies that the ‘ ‘ protection provided by the corporation on account of motor vehicle accidents caused by financially irresponsible motorists shall be available to: (a) Any qualified person having a cause or causes of action because of * * * bodily injury, arising out of a motor vehicle accident * * * who shall file with the corporation within ninety days of the accrual of such cause or causes of action, as a condition precedent to the right thereafter to apply for payment from the corporation” (Insurance Law, § 608).
In interpreting this new statute (Insurance Law, art. 17-A, §§ 600-626) providing rights unknown at common law, “ the court will not restrict or enlarge upon the legislative creation *1086 where a literal application of the statute satisfies the evident purpose of the new law.” (Matter of Motor Vehicle Acc. Ind. Corp. [Holley], 33 Misc 2d 567, 570.)
It is the court’s view that the advices transmitted by plaintiffs’ attorney to MVAIC’s representative regarding the effect of the admission of operation and control contained in the defendant owner’s original answer was not an “ intentional abandonment or relinquishment of a known right” (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37) and may not therefore be deemed a waiver by the plaintiffs of the “ protection provided by the corporation on account of ” a motor vehicle accident caused by an uninsured motorist (Insurance Law, § 608). Plaintiffs will suffer no prejudice by the court’s permission allowing defendant to serve the amended answer. Motion granted.