Frank J. Kronenberg, J.
The Motor Vehicle Accident Indemnification Corporation (hereafter referred to as MVAIC) has applied for a permanent stay of arbitration demanded by Elbert Marshall (hereinafter referred to as Claimant) under a “ New York Automobile Indemnification Endorsement ”.
Claimant was a passenger in a vehicle owned and operated by one John Braxton, which was involved in an accident with *143 another vehicle. The Braxton vehicle at the time of the accident was insured by Employers’ Liability Insurance Company under a policy of bodily injury liability insurance and said policy had affixed to it a “ New York Automobile Accident Indemnification Endorsement ”.
Subsequently the liability carrier disclaimed liability because of the failure of the insured, Braxton, to properly notify them of the accident. Thereafter, claimant filed a notice of claim with MVAIC advising it of his intent to pursue his remedy under the MVAIC act, alleging said claim arose by reason of the negligence of John Braxton.
Negotiations were had, a written statement of the claimant taken, a physical examination on behalf of MVAIC was had, and a demand and offer was made, all pursuant to the MVAIC act.
Following a rejection of said offer, a notice of arbitration was filed. Thereupon MVAIC made this application for a permanent stay of arbitration contending that in the first place claimant was not an “ insured person ” under the statute and therefore not entitled to an arbitration of his alleged claim and secondly, regardless of his status, where conditions of the policy made applicable to the indorsement are violated so as to render the policy inapplicable to the accident, the indorsement itself is inapplicable to the accident.
I. Is the claimant entitled to the benefit and status of an “ insured person ” under an indorsement to the liability policy covering the vehicle occupied by Claimant, where, by reason of the disclaimer by the liability carrier, the vehicle in question is rendered “ uninsured ”!
In determining this question the court must examine and take into account:
first: The purpose of the law being interpreted;
second : The trend and present concept of the Insurance Law generally, and
third : The interpretations and precedent, if any, available to the court.
(1) Obviously the MVAIC law (art. 17-A of the Insurance Law) was enacted to protect those who through no fault of their own are involved in a motor vehicle accident caused by an “uninsured” vehicle. The statute was enacted because the Compulsory Insurance Law failed to accomplish its full purpose of securing innocent victims recompense for the injury and loss inflicted upon them by motor vehicle accidents caused by: (a) uninsured motor vehicles registered in another State; (b) “Hit and run ” motor vehicles; (c) vehicles registered in this State as to which at the time of the accident there was not *144 a policy of liability insurance in effect; (d) stolen vehicles; (e) vehicles operated without permission of the owner; (f) insured motor vehicles where the insurer disclaims liability or denies coverage, and (g) unregistered motor vehicles. (Insurance Law, § 600, subd. [2].)
(2) The courts decree that a construction most favorable to the insured must be given. “ It is a basic canon of construction that when called upon to interpret clauses of insurance policies, the courts will give to the language a construction most favorable to the insured ” (Appleton v. Merchants Mut. Ins. Co., 16 A D 2d 361, 363).
Justice Williams, continued, in Appleton v. Merchants Mut. Ins. Co. (supra, p. 363): “ A corollary of this canon is that if the words used are capable of more than one reasonable interpretation, one of which would result in coverage and another not result in coverage, then the court will adopt the construction resulting in coverage * # * This does not necessarily mean
that courts will adopt a forced or unreasonable construction in order to effect coverage.”
(3) A disclaimer or denial of liability by an insurance company may place the automobile in the position of an uninsured automobile.
Justice Halpbb.it, for the majority of the court in McCarthy v. MVAIC (16 A D 2d 35, 40-41, affd. 12 N Y 2d 922), an appeal in which the question before the court was whether an “ assault with another vehicle ” resulted in “ injuries caused by an accident” discussed the general question of disclaimer. “ A disclaimer or denial of liability by an insurance company may place the automobile in the position of an uninsured automobile, within the meaning of the MVAIC indorsement, if, but only if, the effect of the disclaimer or denial is to deprive the injured person of the protection afforded by a standard automobile liability insurance policy. As used in the MVAIC Law, the term ‘ disclaimer or denial of liability ’ means a repudiation of liability ‘ because of some act or omission of the person or persons liable or alleged to be liable ’. (MVAIC Law, § 608, subd. [c].) ”
Justice Halpebit continued: “ This refers to an act or omission by the insured automobile owner in his relationship to his insurance company, constituting a breach of the conditions of the policy (cf. MVAIC Law, § 620). ” * * *
“ A sharp differentiation must be made between (a) a finding that the insurance company is not liable under a valid policy because the injuries were not caused by accident and hence were not within the risks covered by the policy and (b) a finding that *145 the company is not liable because the policy was not in force at the time in question or because there had been a breach of a condition of the policy by the insured rendering it unenforcible. In the latter case, the finding establishes that no enforcible insurance policy was in effect at the time of the injury; hence the automobile was an uninsured automobile within the meaning of the MVAIC indorsement. In the former case, the finding recognizes that there was a standard insurance policy of the required type in force at the time which covered all the risks which were required to be covered; hence no uninsured automobile was involved and MVAIC could not be held liable.”
Does not the “ later case ” apply to the claimant herein?
There is no question that when Claimant became a passenger in the Braxton ear, he was an “insured” under the MVAIC statute.
See application of Matter of MVAIC v. Goldman (33 Misc 2d 703), wherein the claimant Roslyn Goldman, allegedly sustained injury while a passenger in a vehicle that was owner operated. The insurance carrier for the owner-operator disclaimed liability under its policy because of his failure to give timely notice of accident. Claimant filed for arbitration. The court stated (p. 704): “ The status of the claimant is that of an insured person.”
Claimant herein had a right to seek redress for injuries against an “ uninsured ”, a “ hit and run operator ” etc., and also had a right as a passenger to such redress against the operator of the vehicle who was covered by a standard automobile policy when Claimant got into his car. No action by the operator of said vehicle can deprive Claimant of his rights and if the insurance carrier disclaims liability because of an act or failure to act on the part of the owner, then the vehicle in question is an “ uninsured ” vehicle in the eyes of the MVAIC Law and the Claimant is an “ insured ” passenger therein.
II. Before the court can permit Claimant to pursue his remedies under the MVAIC statute it must determine whether the defenses that are good against the insured owner under the policy are good against the Claimant under the “ endorsement ”?
It is MVAIC’s contention that Claimant is bound not only by the terms of the “ endorsement ” but must also comply with the policy requirements relative to “notice” or “notice of accident ” and declarations, and consequently he is deprived of any benefits under said indorsement.
John Braxton, when he secured his liability insurance, paid his premium and entered into an insurance contract with Employers’ *146 Liability Insurance Company. In so doing he was bound by certain conditions and a failure to comply could result in a 4 4 disclaimer ’ ’.
A second agreement, is attached to the policy. It is entitled, “New York Automobile Accident Indemnification Endorsement ” and the first sentence is as follows:
“ The company, on behalf of, the Motor Vehicle Accident Indemnification Corporation, hereinafter called MVAIC, agrees with the named insured, in consideration of the payment of the premium for this endorsement and subject to all terms of this endorsement ” and then it proceeds to relate the insuring agreement in compliance with article 17-A of the Insurance Law. (Emphasis supplied.)
Separate conditions are set forth as follows in said 44 Endorsement ”.
“ Conditions
44 1. Policy Provisions: None of the Insuring agreements, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsement, except the conditions, 4 Notice ’ or 4 Notice of Accident ’ and 4 Declarations.’
44 These provisions do not necessarily apply to the named insured, nor to the policy itself, but to the 4 insured ’ as defined in the endorsement agreement.”
Paragraph II of said agreement is as follows:
4 4II. Definitions:
4 4 a) Insured. The unqualified word 4 insured ’ means 1. The named insured, and while residents of the same household, his spouse and the relatives of either.
44 2. Any other person while occupying
44 i. an automobile owned by the named insured, or, if the named insured is an individual, such spouse and used by or with the permission of either, or
4 4 ii. any other automobile while being operated by the named insured or such spouse * * *
44 3. Any person, with respect to damages he is legally entitled to recover for care or loss of services because of bodily injury to which this endorsement applies.”
Taking into account all of the foregoing, it appears to the court that the indorsement required by the MVAIC act (Insurance Law, § 167, subd. 2) exists independently and apart from the policy to which it is annexed and remains viable even when the principal policy is rendered unenforcible by reason of a disclaimer or otherwise. The 44 Notice ” or 44 Notice of Accident ” referred to in the indorsement is the notice required to be given *147 by the “ insured ” (Claimant) to MVAIC. Claimant has complied with this requirement.
This court finds that Elbert Marshall, Claimant herein was an “insured” person under the New York automobile indemnification indorsement affixed to the policy of John Braxton.
Consequently the application for a stay of arbitration is denied and this matter should proceed to arbitration.