Herbert D. Hamm, J.
The respondent is an insured person. Notice of intention has been served and demand for arbitration has been made.
The respondent alleges that he was injured by the operator of a stolen automobile. The petitioner’s attorneys have advised that they are ‘ ‘ satisfied from the Reply Affidavit and from subsequent investigation that the vehicle involved was stolen.”
It is not disputed that the automobile was insured. As a matter of fact the respondent has submitted a statement from the Massachusetts Registry of Motor Vehicles furnishing the name of the owner’s insurance company and the petitioner has submitted an affidavit that the coverage of the vehicle is extraterritorial.
The respondent’s demand for arbitration is filed in pursuance of the provisions of subdivision 2-a of section 167 of the Insurance Law, which provides; “No policy insuring against *823 loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance and use of a motor vehicle by the insured shall be issued or delivered by any authorized insurer upon any motor vehicle then principally garaged or principally used in this state unless it contains a provision whereby the insurer agrees that there will be paid to the insured, as defined in such provision, by the Motor Vehicle Indemnification Corporation, subject to the terms and conditions set forth therein to be prescribed by the board of directors of the Motor Vehicle Indemnification Corporation and approved by the superintendent, all sums, not exceeding a maximum amount or limit of ten thousand dollars exclusive of interest and costs, on account of injury to, or death of, one person, in any one accident, and the maximum amount or limit, subject to such limit for any one person so injured or killed, of twenty thousand dollars, exclusive of interest or costs, on account of injury to or death of, more than one person in any one accident, which the insured or his legal representative shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle, unidentified motor vehicle which leaves the scene of an accident, a motor vehicle registered in this state as to which at the time of the accident there was not in effect a policy of liability insurance, a stolen vehicle, a motor vehicle operated without permission of the owner, an insured motor vehicle where the insurer disclaims liability or denies coverage or an unregistered vehicle because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident occurring in this state and arising out of the ownership, maintenance or use of such motor vehicle. Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein.” It is provided also in subdivision 4 of regulation 35-A of the ‘ ‘ Minimum Provisions for Automobile Liability Insurance Policies” promulgated by the Superintendent of Insurance: “ Such an( owner’s policy of liability insurance ’ shall be subject to the applicable provisions of section 167 [of the Insurance Law], as amended. For the purpose of complying with the provisions of subsection 2-a of section 167, no policy subject to this Part shall be issued by any authorized insurer unless it contains coverage providing for payments to the insured, as defined in such coverage, by the New York Motor Vehicle Accident Indemnification Corporation, pursuant to the provisions of article 17-A of the Insurance Law applicable to such payments.” (11 NYCRB, 60.4.)
*824 The petitioner moves to stay arbitration and requests a jury trial of the following issues:
“ Whether or not the vehicle involved was an uninsured vehicle. * * *
‘ ‘ Whether or not the incident referred to was an accident or an intentional injury.”
The petitioner’s attorneys state: “On the question of whether or not the vehicle involved was an uninsured vehicle, we still have no proof that the driver of the vehicle involved in the accident was not covered by a policy of insurance on his own vehicle or a family automobile policy on a vehicle belonging to some relative.” If the injuries were negligently inflicted, it is conceivable that a policy might have been in force under which the operator was an insured entitled to indemnification against his negligent operation of a stolen car even though the operator was the thief (Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442). In the Sperling case the 16-year-old daughter of the specifically named insured appropriated an Ohio automobile without the permission of the owner and negligently caused the death of the plaintiff’s decedent. With respect to a nonowned automobile the mother’s policy included as an insured “ any relative, but only with respect to a private passenger automobile or trailer not regularly furnished for the use of such relative.” As the daughter was a “ relative ” and as the Ohio automobile was “not regularly furnished for the use of such relative ”, it was held that the policy covered the incident. The court determined that permitting recovery was not contrary to public policy, stating (p. 451): “ The insurer here has been called upon to indemnify Christine against the consequences of her negligence in the operation of a motor vehicle, not against the criminal consequences stemming from her willful misappropriation of the vehicle. The manner in which she acquired the vehicle had nothing whatever to do with her liability for its negligent operation.” But, if the operator of the stolen car was guilty of assault in the operation of the vehicle, any insurance policy under which he was an insured would be inoperative as public policy forbids indemnity of an insured against his own criminal acts (Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., 305 N. Y. 243, 248; McCarthy v. Motor Vehicle Acc. Ind. Corp., 16 A D 2d 35, 41, affd. 12 N Y 2d 922). So, even if the operator of the stolen vehicle was covered as an insured by an insurance policy, that policy would not be applicable to this incident if the injuries were caused intentionally. The submission indicates that it is possible that the stolen automobile came into contact with. the *825 respondent, a police officer, at a time when the operator was escaping or seeking to escape and that there may have been an assault.
The New York standard policy does not require coverage of an insured for his acts while in the operation of a stolen vehicle although in the Sperling case the policy was in fact broad enough to provide coverage for such acts provided they were unintentional. Consequently, the existence of coverage in this case would be a mere fortuity not required by the standard policy but I think it would be a windfall to the advantage of which MVAIC would be entitled as the respondent would not be an “ innocent victim” if there were the equivalent of a standard policy with additional provisions as in Sperling under which he could collect.
The coverage of an out-of-State policy must be the equivalent of the New York standard policy (Cruzado v. Underwood, 39 Misc 2d 859). And it is well established that the issue of assault is not to be determined by the arbitrators (Matter of MVAIC [Brinson], 18 A D 2d 809; Matter of MVAIC [Jerman], 18 A D 2d 810).
The issues for determination will be:
Whether or not the vehicle involved was covered by a policy the equivalent of the New York standard policy.
If so, whether the policy in addition to the standard requirements covered the negligent acts of the operator of the stolen vehicle.
If so, whether the incident referred to was caused by negligence or intent.
But here I think the inquiry ends. If the Massachusetts policy was not the equivalent of a standard New York policy or, if it was the equivalent but did not provide additionally for coverage of the negligent acts of an insured while operating a stolen vehicle or, if it did provide coverage for such negligent acts but was ineffectual because the acts of the insured were intentional rather than negligent, MVAIC will be required to proceed to arbitration. There is a distinction between the requirements of the standard policy as to coverage and the requirements as to MVAIC liability. Paragraph f of subdivision 1 of regulation 35-A of the 1 £ Minimum Provisions for Automobile Liability Insurance Policies ” promulgated by the Superintendent of Insurance (11 NYCREt 60.1 [f]) requires the insertion of a provision in standard policies that 11 assault and battery shall be deemed an accident unless committed by or at the direction of the insured.” As the standard policy is not required to provide coverage of the acts of an insured in the *826 operation of a stolen vehicle, an assault by the operator of a stolen vehicle is not “by or at the direction of the insured ” and is deemed to be an accident.
I think it should be added that it is most unlikely that the parent of the operator of the stolen vehicle has made a report to his insurance carrier. As the name of the putative carrier is known, the parties should be able without difficulty to obtain information as to whether a report has been made. In the event of no report the carrier undoubtedly will disclaim. The validity of the disclaimer will not he an issue between the parties to this proceeding (Matter of MVAIC [Curtis], 37 Misc 2d 97; Matter of MVAIC [Marshall], 39 Misc 2d 142). Hence the questions now sought to be determined prior to arbitration will ultimately become academic in the event of absence of report to the carrier.
Submit order in accordance with the foregoing. The motion papers will be forwarded with the signed order.