Saul S. Streit, J.
This is a motion by Motor Vehicle Accident Indemnification Corporation for a permanent stay of arbitration.
Claimant was a passenger in a vehicle owned by Cretina Delgado and operated by one Ismael Feliciano and allegedly received personal injuries when the automobile struck a wall. The vehicle at the time of the accident was insured by All State Insurance Company, which policy contained a “ New York Automobile Accident Indemnification Endorsement ”.
Subsequently the liability carrier disclaimed liability because of the failure of the insured to properly notify them of the accident. Thereafter claimant filed a notice of claim with MVAIC.
In this application for a permanent stay, MVAIC contends that claimant was not an “ insured person ” under the statute because the disclaimer by the carrier rendered the vehicle ‘ ‘ uninsured ’ ’ thereby rendering the policy and the endorsement contained therein, inapplicable to the accident, which therefore, precludes arbitration.
The MVAIC Law (Insurance Law, art. 17-A) obviously was enacted to protect those who through no fault of their own are involved in a motor vehicle accident caused by an “uninsured vehicle ’ ’. The statute was enacted to correct inadequacies in the compulsory insurance law.
The courts have time and again decreed that: “ It is a basic canon of construction that when called upon to interpret clauses of insurance policies, the courts will give to the language a *859 construction most favorable to the insured (Appleton v. Merchants Mut. Ins. Co., 16 A D 2d 361, 363.)
The court in Appleton (supra) further said that “if the words used are capable of more than one reasonable interpretation, one of which would result in coverage and another not result in coverage, then the court will adopt the construction resulting in coverage ”.
A disclaimer or denial of liability by an insurance company may place the automobile in the position of an uninsured automobile.
There is no question that when claimant became a passenger in the car he was an “insured” under the MVAIC statute. (See Matter of MVAIC [Goldman], 33 Misc 2d 703; Matter of MVAIC [Marshall], 39 Misc 2d 142.)
Claimant herein has a right to seek redress for injuries against an “ uninsured ”, a “ hit and run operator ”, etc., and also has a right as a passenger to such redress against the operator of the vehicle who was covered by a standard automobile policy when claimant entered the car. No action by the operator of said vehicle can deprive claimant of his rights and if the insurance carrier disclaims liability because of an act or failure to act on the part of the owner, then the vehicle in question may become ‘ ‘ uninsured ’ ’ in the eyes of the MVAIC Law, but the claimant remains an “insured” passenger therein.
It appears therefore that in the circumstances herein the endorsement in the policy required by the Insurance Law exists independently and apart from the policy to which it is annexed and remains viable even when the principal policy is rendered unenforcible by reason of a disclaimer. Accordingly claimant is found herein to be an “ insured ” person under the New York automobile indemnification endorsement offered to the policy of the owner of the vehicle and the application for a stay is denied and the parties directed to proceed to arbitration.