John M. Keane, J.
This is a motion by Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as the “ MVAIC ”) for an order to stay arbitration permanently.
On September 12, 1961, Dorcas Chaffee, then 16 years old, obtained the keys of a car owned by her father, Arthur Chaffee. She drove the car to meet a friend, Elaine Harmon. Later she permitted Elaine Harmon to drive the car. While Elaine Harmon was driving the ear, there was an accident which did not involve any 'other motor vehicle. Dorcas Chaffee suffered injuries.
Arthur Chaffee, the owner of the car at the time of the accident, had a liability policy issued by the Allstate Insurance Company, which contained the standard New York automobile accident indemnification endorsement. The Allstate Insurance Company disclaimed coverage on the ground that the automobile was operated at the time of the accident without the consent of the owner.
On November 28, 1961, claimant filed a notice of intention to make claim with the MVAIC on the basis of the disclaimer of coverage by the Allstate Insurance Company. The moving papers do not indicate whether this notice was made as an ‘ ‘ insured person ” or as a “ qualified person”. On January 17, 1967, claimant’s attorneys made the demand for arbitration, which has resulted in the present motion by the MVAIC to stay the arbitration.
The MVAIC resists arbitration on the ground that the claimant is not an “ insured person ” and also that the claimant is not an “ innocent party ” within the meaning of the statute.
Enough has been written concerning the operation of the MVAIC so that an exhaustive treatment of the various aspects of this legislation need not be set forth at length. Under the statute, there are two classes of claimants. One is an £< insured person ”. The other is a “qualified person ”, The remedies provided for each are different. The “ insured person ” must seek his remedy pursuant to the endorsement by means of arbitration if no agreement can be reached.
The endorsement in effect at the time of the accident had the following significant language: “ I. Damages for Bodily Injury Caused by Uninsured Automobiles: MVAIC will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile ”. (Emphasis supplied.)
*50 In paragraph II, the language reads as follows:
“ (a) Insured. The unqualified word ‘ insured ’ means
“ (1) the named insured and, while residents of the same household, his spouse and the relatives of either ” (emphasis supplied).
Finally, under paragraph (b), the language reads as follows: “ (b) Uninsured Automobile. The term ‘uninsured automobile ’ means: * * * (2) * s # but the. term ‘ uninsured automobile ’ shall not include: (i) an automobile owned by the named insured or spouse ” (emphasis supplied).
The foregoing excerpts from the endorsement constitute the framework in which the present facts must be examined.
One of the difficulties concerns the word “insured”, which can have different meanings. The MVAIC'admits that claimant is an “ insured ’ ’ under the terms of the endorsement but claims she is not an ‘1 insured ’ ’ within the meaning of the statute.
In subdivision 2-a of section 167 of the Insurance Law, it states: “ No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance and use of a motor vehicle by the insured shall be issued or delivered by any authorized insurer upon any motor vehicle then principally garaged or principally used in this state unless it contains a provision whereby the insurer agrees that it will pay to the insured, as defined in such provision, subject to the terms and conditions set forth therein to be prescribed by the board of directors of the Motor Vehicle Indemnification Corporation and approved by the superintendent ” (emphasis supplied). Later on in the same paragraph, the word “insured” is repeated again. It is the belief of this court that the word “insured” has the meaning set forth in the MV AIC endorsement. To that extent, the claimant is an “ insured ’ ’ under the terms of the endorsement. That alone does not give the claimant the right to arbitration.
The first paragraph of the insuring agreement permits recovery of damages only 11 from the owner or operator of an uninsured automobile”. Unless an “uninsured automobile” is involved, no one is entitled to arbitration.
Again looking at the insuring agreement, it is clear that the automobile involved in this accident was.not an “ uninsured” automobile under the terms of the endorsement which excludes 1 ‘ an automobile owned by the named insured or spouse ’ ’. This car was owned by claimant’s father who was the named insured.
There is a very thorough discussion of the problem involving a one-car accident and the question of the right to arbitration in *51 Matter of Shumate (MVAIC) (50 Misc 2d 31 [1986]). In the Shumate case, the claimant was a passenger in a car driven by the named insured. Disclaimer of coverage was made. It would seem to this court, although it is not clear from the decision, that the passenger in the Shumate case would meet the qualification of “ insured ” under paragraph II of the insuring agreement because she was “ any other person * * * occupying (i) an automobile owned by the named insured ”.
The court in Shumate found that under the endorsement the automobile involved was not an uninsured motor vehicle. Therefore, the court stayed arbitration permanently. The Shumate ease is authority for a similar holding on this motion.
It was not the legislative purpose to provide another liability policy for the owner of a car. Here the claimant has her right of action against the driver and against the owner. Since she can not proceed as an “insured person ”, she may proceed as a “qualified person ”. The remedy for a “ qualified person ” is set forth in the statute.
In view of the foregoing basis of disposition, no consideration has been given to the argument of the MVAIC that arbitration be stayed because claimant is not an “ innocent person ”.
Therefore, the motion of the MVAIC to stay arbitration permanently is granted, without costs.