Birdie Amsterdam, J.
Plaintiff was injured, on June 6, 1967, while a passenger in a car owned and driven by defendant Chelak. Defendant State-Wide Insurance Company (hereinafter State-Wide) covered the vehicle with a liability insurance policy which contained an uninsured motorist endorsement. Said defendant is defending the action by plaintiff against Chelak under a reservation of rights. It is the contention of the company that Chelak was using the car as a public or livery conveyance.
The present action was commenced to declare the responsibility of the defendants. Defendant Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) has moved for summary judgment. It maintains that plaintiff has no claim against it and that plaintiff’s right is to sue State-Wide under the liability portion of the policy or to arbitrate with State-Wide under the uninsured motorist endorsement, if the disclaimer is valid. State-Wide contends that where the insurer disclaims, the uninsured motorist’s endorsement is inapplicable to a passenger, who is relegated to the status of a qualified person.
All New York residents, for the purpose of coverage for accidents involving cars where there can be no recovery from an insurer, are placed in two classes: qualified persons (Insurance Law, § 601, subd. b) or insured persons (§ 601, subd. i). These are mutually exclusive categories (Matter of Edwards v. MVAIC, 25 A D 2d 420). The fact of the disclaimer by the insurer does not change an insured person to a qualified person (Matter of Knickerbocker Ins. Co. v. Faison, N. Y. L. J., July 7, 1967, p. 8, col. 8, affd. 28 A D 2d 1209). Finally, the uninsured motorist endorsement in a liability policy exists independently from the policy to which it is annexed (Matter of Garcia v. MV AIC, 41 Misc 2d 858).
Accordingly, the plaintiff has no claim against the MVAIC. If the insurer’s disclaimer is valid, then she may proceed as an insured person and compel arbitration against the insurer; if it is not she may sue the owner and operator of the car whom the insurer must defend and pay her damages, if she is successful. Therefore the motion is granted.