Jasen, J.
On March 5, 1966 respondents were injured while passengers in an automobile owned and operated by petitioner’s insured. In December, 1966 petitioner disclaimed liability because of its insured’s failure to give notice of the accident and co-operate in its investigation. The validity of that disclaimer is not in issue here. Thereafter, respondents served a notice of claim and demand for arbitration on both the petitioner and the Motor Vehicle Accident Indemnification Corporation (MVAIC) under provisions of the “New York Automobile Accident Indemnification Endorsement ” of the insured’s policy, which provides, inter alia :
"I. Damages for Bodily Injury Caused by Uninsured Automobiles: The company will pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured * * * is legally entitled to recover such damages * * * shall be made by agreement between the insured * * * and the company or, if they fail to agree, by arbitration.
*557 II. Definitions:
(a) Insured. The unqualified word-1 insured ’ means
(1) the named insured and, while residents of the same household, his spouse and the relatives of either;
(2) any other person while occupying (i) an automobile owned by the named insured * * *
(b) Uninsured Automobile. * * * * * ® the term 1 uninsured automobile ’ shall not include:
(i) an automobile owned by the named insured or spouse
MVAIC opposed respondents’ claim and in a separate proceeding not before this court obtained a stay of arbitration.
In the course of denying petitioner’s application for an order staying arbitration, Special Term held that respondents unquestionably were insured persons at the time of the accident and that petitioner’s disclaimer could not operate to change their status from insured to qualified persons.[1] The court, noting that the effective date of the policy was January 3, 1966, reasoned that respondents were entitled to join petitioner in arbitration pursuant to the Automobile Accident Indemnification Endorsement inasmuch as section 605 of the Insurance Law, as amended by chapter 322 of the Laws of 1965, required the insurer to assume all obligations formerly assumed by MVAIC involving accidents occurring after June 30, 1965, where insurance policies were issued or renewed after that time.[2]
Petitioner’s argument is grounded on the contention that the New York Automobile Accident Indemnification Endorsement should be considered as part and parcel of the main policy and, therefore, a disclaimer should affect the entire policy and not merely the main liability portion. It is petitioner’s position that the endorsement was never intended to constitute an additional policy of insurance; thus, the endorsement should not operate to revive coverage previously disclaimed.
*558 According to petitioner, although respondents might have been ‘ ‘ insured persons ” at the time of the accident, the disclaimer operated to make them “ qualified persons ” ab initio. It further argues that, even if respondents are to be considered “ insured persons ” despite the disclaimer, they are precluded from proceeding against petitioner by reason of the exclusionary language in the endorsement which by definition excludes a vehicle owned by the named insured from the category of uninsured automobiles.
This is a matter of first impression in this court. The decisions below have often been conflicting and irreconcilable. (Compare Matter of Murphy [Criterion Ins. Co.], 57 Misc 2d 52, and O'Connell v. State-Wide Ins. Co., 57 Misc 2d 50, with Matter of Shumate [MV AIC], 50 Misc 2d 31, and Matter of Coppola [MV AIC], 53 Misc 2d 48.)
Effective July 1, 1965 insurers were required to provide the coverage and pay claims arising out of accidents formerly administered by the MVAIC. (L. 1965, ch. 322.) Under the provisions of the amended statute, the insurer undertook the duties and liabilities formerly assumed by MVAIC and similarly collected the additional premium for the endorsement. (Insurance Law, § 605; § 167, subd. 2-a.) It has been recognized that the purpose of the statute is to provide compensation to the extent that claims would be recognized and claimants compensated as if the owner or driver of the vehicle causing the injury were insured. (Matter of Nagle [MV AIC], 22 N Y 2d 165; McCarthy v. MV AIC, 16 A D 2d 35, affd. 12 N Y 2d 922.) It seems inconsistent with this purpose that an insured person could be deprived of this coverage by some future act of a named insured or his insurer.
Thus, the endorsement required by section 167 (subd. 2-a) of the Insurance Law should be considered to exist independently from the standard policy to which it is annexed and should remain viable even though liability under the main policy has been disclaimed by the insurer. (Matter of MV AIC [Marshall], 39 Misc 2d 142, affd. 21 A D 2d 978.)
The Legislature in enacting article 17-A of the Insurance Law set up the mutually exclusive categories of ‘ ‘ Insured ’ ’ persons and “ Qualified person[s] ”. (Insurance Law, § 601, subds. b, i; Matter of Edwards v. MV AIC, 25 A D 2d 420 [1st Dept., 1966].) *559 A future disclaimer as to the main portion of the policy cannot operate to change an “ Insured ” person to a “ Qualified person ”. Inasmuch as respondents are placed squarely within the category of “Insured” persons as defined in the Automobile Accident Indemnification Endorsement, the language purporting to remove an automobile owned by the insured from the category of uninsured automobile should be given a construction most favorable to the insured and one which results in coverage, rather than denial of coverage. (Murphy v. Criterion Ins. Co., supra; Matter of Garcia [MV AIC], 41 Misc 2d 858.) Thus, the negatively stated exclusionary language should not be held to encompass an automobile owned by the named insured where a disclaimer or liability for a particular accident has been interposed.
The order appealed from should be affirmed, with costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keatikg and Breitel concur.
Order affirmed.

. Section 601 (snbd. b) of the Insurance Law provides that a “1 Qualified person ’ means (1) a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle”.

. Although subdivision (a) of section 605 of the Insurance Law discontinues MVAIC’s obligation to an insurer’s insured after June 30, 1965, subdivision (e) of section 605 requires MVAIC to continue to provide protection to qualified persons.