Samuel H. Hofstadter, J.
The petitioner, Motor Vehicle Accident Indemnification Corporation, moves to stay arbitration pursuant to a demand therefor by the insured, under the New York Automobile Accident Indemnification Endorsement. The insured was in collision with a motor vehicle claimed by the present insured to be an uninsured automobile, because the insurer disclaimed liability. Subdivision 2-a of section 167 of the Insurance Law which makes mandatory the provision in a motor vehicle liability policy for coverage in case of accident caused by an uninsured motor vehicle, includes in the definition of an uninsured motor vehicle 1 ‘ an insured motor vehicle where the insurer disclaims liability or denies coverage This is such a case and the insured has thus brought himself within the protection of the indorsement, which provides for arbitration of the dispute. The court, therefore, rejects the petitioner’s contention that, as a condition precedent to arbitration the insured must first obtain an adjudication in a court of competent jurisdiction of the right of the alleged insurer of the other motor vehicle to disclaim liability. Section 620 of the Insurance Law deals with a disclaimer where the injured person is a “ qualified person ’ ’ as defined in the law, which distinguishes between an insured and a qualified person. Here we are concerned with an insured. The petitioner’s asserted need for further time to investigate does not, in the circumstances shown, justify interposition by the court; it is within the discretion of the arbitrator.
The motion for a stay is denied and the cross motion to direct that the arbitration proceed is granted.