Charles A. Loreto, J.
The defendant Motor Vehicle Accident Indemnification Corporation, hereinafter called MVAIC, moves for an order dismissing the complaint against MVAIC or, in the alternative, granting summary judgment in favor of MVAIC or, in the alternative, vacating service of the summons and complaint on MVAIC.
Plaintiff’s complaint alleges that he sustained personal injuries in an automobile accident in Bronx County, New York City, on March 18, 1959, when his automobile was involved in a collision with an automobile owned by one Frances Bermingham and operated by one Thomas Bermingham; that the said automobile owned by Frances Bermingham was covered by a policy of automobile liability insurance written by the defendant SAFECO Insurance Company of America; that in actions commenced separately against the said Frances and Thomas Bermingham in the Supreme Court, Bronx County, approximately 11 months after the alleged accident (on Feb. 2 and Feb. 11, 1960), the said defendants defaulted in appearing and answering the complaint; and that on May 5, 1960 the defendant SAFECO Insurance Company of America disclaimed coverage of the accident pursuant to the terms of its automobile liability insurance policy covering the said Frances and Thomas Bermingham.
*851 The complaint further alleges that on May 12, 1960, within a period of seven days after SAFE CO’s disclaimer of coverage, plaintiff filed with MVAIC a notice of intention to make claim against MVAIC, pursuant to subdivision (c) of section 608 of the New York Insurance Law. MVAIC does not dispute plaintiff’s allegation that prompt notice of the disclaimer by SAFECO was given to MVAIC.
The complaint seeks judgment against MVAIC only in the event that this court first determines that a disclaimer of automobile liability insurance coverage by the defendant SAFECO Insurance Company of America was valid as a matter of law. Unless and until such a judgment is entered against the plaintiff and in favor of the defendant SAFECO, no relief is sought against MVAIC. Since MVAIC is in no way involved in the dispute between plaintiff and the defendant SAFECO Insurance Company, and since MVAIC will entertain plaintiff’s claim as a matter of course if plaintiff loses that dispute, the complaint against MVAIC is premature and groundless.
Plaintiff’s rights against MVAIC, if any, are derived from the New York Motor Vehicle Accident Indemnification Corporation Law (L. 1958, ch. 759, eff. Jan 1, 1959) and the New York automobile accident indemnification indorsement, approved by the Superintendent of Insurance of the State of New York pursuant to said statute.
If the plaintiff has suffered bodily injuries in an accident with an uninsured automobile in New York State it is the obligation of MVAIC, subject to the terms of the indorsement, to pay all sums which he would be legally entitled to recover from the owner or operator thereof, provided that determination of the question whether the plaintiff is legally entitled to recover damages from the uninsured motorist, and, if so, the amount thereof, shall be made by agreement between the plaintiff and MVAIC or, if they fail to agree, by arbitration.
Nothing in the New York automobile accident indemnification indorsement, or in the statute pursuant to which it was approved by the Superintendent of Insurance, requires or permits MVAIC to make a determination as to the validity of an insurer’s disclaimer of coverage. All questions relating to the applicability of an insurance company’s coverage to a given automobile accident are questions which involve only the company and its insured.
The Legislature has specifically provided for judicial determination of disclaimer cases before recourse may be had to MVAIC.
*852 Since the plaintiff’s notice of intention to make claim against MVAIC was timely, he accordingly has preserved his rights, if any, against MVAIC. If it is judicially determined that the defendant SAFECO’s disclaimer was valid, then MVAIC will entertain the plaintiff’s claim under the New York automobile accident indemnification indorsement as a matter of course. The motion is granted.