Harold J. Crawford, J.
This is an action for a declaratory judgment that the defendant is obligated, pursuant to the terms of a certain policy of insurance, to pay the plaintiffs for bodily injury which was allegedly sustained by the infant plaintiff by reason of the negligence of an uninsured motorist. The facts as testified to by the plaintiffs’ witness were not disputed by the defendant.
It appears that on June 11, 1960, the infant plaintiff was injured by a motor vehicle operated by one James P. Gates and owned by one Alfred Stanley Winfree; that the guardian ad litem of the infant plaintiff retained counsel on June 14, 1960; that on August 1, 1960, the said counsel forwarded Form FS25 to the Motor Vehicle Bureau to obtain the name of the insurance carrier of the said Gates and Winfree; that the Motor Vehicle Bureau returned the said form on August 19, 1960, with the information that Gates and Winfree were insured by the Sea Insurance Company, policy No. 17000127; that on August 23, 1960, plaintiffs’ counsel notified the said insurance company that they represented the infant plaintiff; that on September 9, 1960, said counsel were informed by the Sea Insurance Company that the aforesaid insurance policy had been cancelled on April 3, 1960; that on September 21, 1960, counsel returned the FS25 to the Motor Vehicle Bureau advising that the policy had been cancelled; that thereafter counsel was informed by the Motor Vehicle Bureau that the Sea Insurance Company had covered Gates and Winfree with a different insurance policy, No. AAKP608346; that on October 3,1960, counsel was informed by the Sea Insurance Company that it had not issued a policy with that number; that on October 4,1960, counsel returned the FS25 to the Motor Vehicle Bureau and advised it of the conversation with Sea Insurance Company; that on January 3, 1961, the Motor Vehicle Bureau advised that the matter was being investigated ; that on February 13,1961, counsel received a letter from the Motor Vehicle Bureau advising that there was no insurance in effect covering Gates and Winfree on the date of the accident ; that on February 23, 1961, counsel wrote the Motor Vehicle Accident Indemnification Corporation requesting notice of claim forms; that on March 10,1961, notice of claim was filed with the MVAIC and that on April 6,1961, MVAIC rejected the claim on the ground that notice was not timely given,
*552 The infant plaintiff is an “ insured person ” as defined by the MYAIC indorsement to his father’s automobile liability policy. This policy provides in part that written notice of claim shall be given to the MYAIC within 90 days or as soon as practicable after an insured person has been injured by an uninsured motorist. Concededly, such notice was not given within 90 days. The sole question to be determined herein was whether. such notice was given as soon as practicable. The Appellate Division for this Department stated in Matter of Motor Vehicle Acc. Ind. Corp. v. Brown (15 A D 2d 578, 579): ‘ ‘ The provision for notice in the subject policy may be interpreted to provide only that a notice of claim must be filed within a reasonable time * * *. The coverage afforded by this required indorsement is not operative unless the damages flow from an accident caused by an uninsured vehicle. ‘ Notice can hardly be given until there is knowledge of the facts upon which notice can be predicated ’ * * *. Whether or not notice has been given within a reasonable time, necessarily includes a determination of the diligence of claimant, and is basically a factual issue ”.
It has been held, however, that “ Where no excuse is offered the question of whether notice was timely is one of law for the court. * * * Thus unexcused delays of 51 days # * * 27 days * * * 22 days * * * 30 days * # * and 49 days * * * have been held as a matter of law to violate the condition of the policy.” (Allstate Ins. Co. v. Manger, 30 Misc 2d 326, 329.)
The first notice that the plaintiffs gave to the defendant was on February 23, 1961, when their counsel requested notice of claim forms. This was more than five months after the plaintiffs were first notified by the Sea Insurance Company that the Gates automobile was uninsured on the day of the accident, four-and-one-half months after they were notified the second time that the said automobile was not insured by the Sea Insurance Company, and 10 days after they were officially notified by the Motor Yehicle Bureau that there was no insurance coverage. No excuse or explanation is offered for not notifying the defendant at the time the plaintiffs were first notified by Sea Insurance Company. In the opinion of the court this unexcused and unexplained delay of five months was unreasonable and demonstrates a lack of diligence on the part of the plaintiffs. As insured persons, they were entitled to proceed to arbitration as soon as the Sea Insurance Company denied coverage. (Matter of MVAIC [Turk], 33 Misc 2d 597.) Notice could have been given to the defendant at that time and unless the plaintiffs had some reasonable ground to believe that either the Motor Vehicle *553 Bureau had made a mistake in. designating Sea Insurance Company as the carrier, or the latter had made a mistake in denying coverage, the plaintiffs should have given notice at that time. Not only do the plaintiffs fail to show that they had reasonable ground to believe that there was insurance coverage after Sea Insurance Company had denied coverage, but they fail to offer even an explanation for their delay. Accordingly, the court finds that notice was not given as soon as practicable.
Judgment is granted in favor of the defendant dismissing the complaint.