Gr. Egbert Witmer, J.
In this declaratory judgment action plaintiff asks the court to determine that it is not obligated on its casualty insurance policy, issued to defendant Willie Brown, to defend him or to pay any judgment which may be recovered against him. The Motor Vehicle Accident Indemnification Cor *695 poration, hereinafter referred to as the MVAIC, has been permitted to intervene as a defendant, and it is a principal defender.
The evidence shows that on April 3, 1959 defendant Willie Brown purchased of plaintiff a policy of insurance protecting him in the operation of his automobile. He then gave his address as 114,Seneca Street, Geneva, New York, which was set forth in the policy. The policy was renewed in 1960 and again in 1961, the assured paying the premiums in cash; and in 1961 the policy covered a 1954 Cadillac automobile which the assured then owned.
On November 23,1961 said automobile came into collision with two others in Geneva, owned by the defendants McAvoy and Engerí, respectively. On November 24, 1961 defendant Willie Brown personally reported the accident to plaintiff’s policy writing agent in Geneva, and stated that one James Cassion, whose address was unknown to him, was driving the car at the time of the accident, without a license, with defendant Willie Brown as a passenger therein. In the month of December, 1961 Willie Brown, the assured, told plaintiff’s policy writing agent in Geneva that he was working in Buffalo and residing at 1715 Jefferson Avenue in that city.
On or about January 8,1962 plaintiff assigned the case to one of its claims adjusters to investigate. About January 10 this adjuster went to Geneva to the scene of the accident; he got the police report of the accident; he went to the Seneca Street address of the assured in Geneva and inquired for him and James Cassion, without success, but saw the assured’s automobile ; and he talked with plaintiff’s policy writing agent in Geneva. Before mid-April in 1962, he could not say precisely when, the adjuster personally learned of the assured’s Buffalo address. The matter was referred to plaintiff’s Buffalo claims office. On April 3,1962 the insurance policy was again renewed for one year, the plaintiff charging the assured an additional premium of $10 because of his Buffalo residence. In April and May, 1962 defendants McAvoy and Engerí began separate actions against defendant Willie Brown, alias James Cassion or Caison.
An agent from plaintiff’s Buffalo office, Mr. Weir, interviewed th assured at the latter’s Buffalo residence on June 6, 1962, took pictures of him and had him sign a statement, Exhibit 6, and on June 7, 1962 had him sign an authorization and non-waiver agreement, Exhibit 8. At this time the assured repeated that James Cassion or Caison was driving the car at the time of the accident, and he stated that Cassion was his cousin, in military service in Florida, and that he, the assured, had had *696 his driver’s license revoked for six months for permitting an unlicensed minor to drive his car. He further stated that he had different people drive the car for him. On November 2, 1962 said Mr. Weir again interviewed the assured at the latter’s Buffalo residence and had him sign Exhibit 7, wherein he stated that he always paid his insurance premiums in person with cash at the office of plaintiff’s policy writing agent in Geneva. Plaintiff’s witness, Mrs. Ruth Fur ano, confirmed this statement.
In February, 1963 plaintiff began this action for judgment declaring that defendant Willie Brown and James Cassion or Caison were names for one and the same person who was plaintiff’s assured under the policy herein, that defendant breached the condition of the policy requiring that the assured co-operate with the plaintiff, and that hence plaintiff need not defend the assured against said actions by defendants McAvoy and Engerí, nor pay any judgment obtained by them against the assured. Plaintiff contends that it has established that the assured failed to co-operate as required by the policy.
It is true that the assured lied to his insurer, the plaintiff; and for that he should not be given a medal. Indeed, giving false evidence to the company as to the identity of the driver has been held to constitute a breach of the co-operation clause (National Grange Mut. Liab. Co. v. Fino, 13 A D 2d 10 ; and see, likewise, where misrepresentation was made as to the owner’s consent to driver’s use of his car, United States Fid. & Guar. Co. v. von Bargen, 7 A D 2d 872, affd. 7 N Y 2d 932; Lumbermens Mut. Cas. Co. v. Goldwasser, 7 A D 2d 849). But did the assured’s lie, under all the circumstances of this case, constitute a failure to co-operate? In view of the fact that the alleged driver was nonexistent and all others involved were revealed and no facts were withheld, was the misrepresentation material in this instance? “'Co-operation * * * [means] that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense.” (Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271, 276.) “To amount to a breach, the attitude of the assured must be one ‘ of willful and avowed obstruction ’ ’ ’ (American Sur. Co. v. Diamond, 1 N Y 2d 594, 599).
■ Here, the day after the accident the assured went to the office of plaintiff’s agency that sold him the policy, and he reported the accident fully and truthfully, except to say that another person, in fact nonexistent, was driving his automobile, in which he was a passenger. It was apparent that his motive in thus lying was to protect himself from the consequences of driving *697 without a license. He did not intend not to co-operate with his insurer, and in fact there is no proof that he concealed anything about the facts of the accident, except that he himself was driving. He made no claim that the car was being driven without his consent. He withheld no information helpful to the defense of the merits of the claims or actions arising from the accident. Plaintiff, his insurer, had access to all the witnesses to the accident.
In an effort to show lack of co-operation plaintiff produced its two adjusters above mentioned to testify concerning their efforts to find the assured. In the light of acknowledged fact that the assured had given plaintiff his Buffalo address in the month after the accident, the evidence that one of its adjusters between two and five months thereafter tried and could not find him in Geneva does little to help plaintiff’s ease. Moreover, plaintiff’s Buffalo adjuster, who called on the assured six months after it knew of his Buffalo address, made only token inquiry of him concerning the happening of the accident, but took his picture and statements preparatory for an action for disclaimer.
It appears that at an early date plaintiff suspected that the assured had misrepresented who was driving and leaped at the technical opening thus created for it to make disclaimer. Nonetheless, plaintiff would undoubtedly be entitled to the relief it seeks, if the assured’s conduct may be found to constitute lack of co-operation. (Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271, 276-277, supra.) But the facts of this case do not show lack of co-operation in connection with the merits of the defense of the claims and actions and any inquiry made by plaintiff with reference thereto.
Although the assured is blameworthy, so is the plaintiff in this case. “ [T]he insurer’s responsibility under the co-operation clause must be viewed in the frame of the 'State’s emphasized solicitude for the victims of automobile accidents * * *.
‘ Liability insurance is intended not only to indemnify the assured, but also to protect members of the public who may be injured through negligence ’ ”, (Wallace v. Universal Ins. Co., 18 A D 2d 121, 123.) The insurer may not be relieved of its obligation without a genuine breach of the co-operation clause. (See Allstate Ins. Co. v. Matthews, 40 Misc 2d 409.)
The burden of establishing breach of the condition is upon the plaintiff insurer. (Insurance Law, § 167,-suM. 5.) Plaintiff has failed to establish such breach in this case, and hence its application for judgment declaring that defendant Willie Brown breached said policy condition and that it is not required to *698 defend him in said actions or pay any judgment recovered therein is denied, and the contrary is held, to the extent of the amount of such policy. (Wallace v. Universal Ins. Co., 18 A D 2d 121, 124-126, supra.)
Defendant MVAIC has also asked the court to rule that as a matter of law plaintiff has lost its right to disclaim, for failure to do so within a reasonable time. Defendant relies upon subdivision 8 of section 167 of the Insurance Law which provides as follows: 6 6 If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodly [sic] injury arising out of a motor vehicle accident occurring within this .state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
The interpretation urged by the MVAIC was adopted in Wallace v. Universal Ins. Co. (227 N. Y. S. 2d 999). It is understandable that the MVAIC would like such to be the law; and it may well be that the Legislature should make it the law. In affirming the Wallace case (supra) the court (18 A D 2d 121), did so on the ground that the insurer had failed to establish that the assured had breached the co-operation clause; and it found “ no reason for disturbing the trial court’s finding on this issue ” (p. 125). The court expressed no opinion with reference to the trial court’s interpretation of subdivision 8 of section 167 of the Insurance Law.
In Allstate Ins. Co. v. Manger (30 Misc 2d 326, 331) Mr. Justice Mabgett carefully considered the construction of said statute. He held that the institution of an action for judgment declaring that the assured had breached a policy condition was not a disclaimer, and that the time in which to disclaim would not begin to run until after entry of judgment in such action declaring such breach and declaring that the assured need not defend. This court agrees with that holding.
It has also been held that mere delay in making disclaimer is not enough to estop an insurer from disclaiming; but if the assured or those claiming through him are prejudiced iby the delay, the insurer will be estopped. In an appropriate case, whether or not the delay in disclaiming was unreasonable and prejudicial will be a question of fact for a jury (Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co., 269 App. Div. 31, 36). In this case estoppel has not been pleaded, and there is no proof of prejudice. Moreover, the insurer reserved its right to disclaim (Exhibit 8), and such reservation *699 was sufficient to protect it from a claim of estoppel. (O’Dowd v. American Sur. Co. of N. Y., 3 N Y 2d 347, 355.)
It is held, therefore, that plaintiff did not lose its right to disclaim; but has failed to establish that the assured did not co-operate within the terms of the policy.