Jack Stanislaw, J.
Claimant Crump moves to compel respondent MVAIC (Motor Vehicle Accident Indemnification Corporation) to submit to arbitration. He was injured in an automobile accident September 24, 1960 involving cars driven by himself and one Bullock. After initiating an action against Bullock in March, 1962, the latter’s insurance company brought an action for judgment declaring it without obligation to Bullock under its policy issued to him. In effect, the company sought, and subsequently obtained, a judgment releasing it from the provisions of the policy and permitting its denial of coverage, or disclaimer. About four days after the judgment was rendered Crump served a notice of intention to file a claim against respondent. It was rejected as being untimely, and this motion is the result of that response.
*181 The MVAIC argues that the complaint in the prior action was a distinct indication to Crump when it was served that the insurer unequivocally denied coverage. It is said that the allegations of that complaint were phrased in such a way as to demonstrate a present disclaimer, rather than a prospective one subject to declaratory judgment. Respondent also relies on general principles of fairness in pointing out its present disadvantage in investigating a four-year-old accident, in the fact of Crump’s initial defense of the prior action which eventually went to judgment by default, and in the failure to afford it any notice whatsoever, until just récently, when Crump could have reasonably anticipated some time ago that a claim would eventually be asserted against the MVAIC.
Petitioner relies upon the simple theory that a complaint in an action for judgment to allow denial of coverage is not at all equivalent to that very disclaimer which is sought to be declared. There is something to be said for both approaches to this controversy. Subdivision 8 of section 167 of the Insurance Law requires an insurer give written notice ‘' as soon as is reasonably possible” of disclaimer to both insured and any injured person. This is necessary “If * * * an insurer shall disclaim liability or deny coverage ”. Respondent equates the complaint in the action with such notice.
If, however, the declaratory judgment itself fixes '‘ rights and other legal relations of the parties to a justiceable controversy ’ ’ (CPLR 3001), based upon a demand for relief specifying “ the rights and other legal relations on which a declaration is requested” (CPLR 3017, subd. [b]), then the mere bringing of the action cannot be said to have established that which is to be ultimately adjudicated. “ The general purpose * * * is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation” (emphasis supplied). (James v. Alderton Dock Yards, 256 N. Y. 298, 305.)
The precise question of the effect of an insurer’s complaint for declaratory judgment to deny coverage has been considered previously vis-a-vis its status as a disclaimer. In Allstate Ins. Co. v. Manger (30 Misc 2d 326, 333) the court concluded that “ the very nature of this action, the contents of the complaint and the relief prayed for show that thus far there has been no disclaimer or denial of coverage. Plaintiff has done no more than seek a judicial declaration that it may disclaim.” Following actual disclaimer the injured person may then file notice of his intention to file a claim with the MVAIC. In this case it seems clear that there was no effective or actual disclaimer until *182 after judgment and on or about May 1, 1964. (See, also, State Farm Mut. Auto. Ins. Co. v. Brown, 40 Misc 2d 694, revd. on other grounds, 21 A D 2d 742.)
It is pertinent to note that there have been decisions holding the reverse of the above proposition to be true. That is, that unless a disclaimer in fact be shown no proceedings may be had against the MVAIC based only upon possible or probable denial of coverage (Insurance Law, § 608, subd. [c]; Tobin v. Safeco Ins. Co., 30 Misc 2d 850; Matter of MVAIC [Holley], 33 Misc 2d 567; Matter of MVAIC [Mossman], 32 Misc 2d 1052; Matter of MVAIC [Turk], 33 Misc 2d 597). It would seem that petitioner’s notice of claim has been filed within a reasonable time after he received written notice of a disclaimer in fact (the judgment).
There remains that issue relating to equitable considerations urged by respondent as a basis for denial of this application. It cannot be doubted that respondent is at an immense practical disadvantage in now attempting to investigate this 1960 accident. By insistence upon “ disclaimer in fact ” as opposed to “ putative disclaimer ” there has been created this present burden to be inevitably thrown upon the MVAIC in the circumstances of this case and others bound to turn up sooner or later. Respondent adds to its equitable argument that Crump’s appearance and answer in the declaratory judgment action unreasonably and unnecessarily delayed the outcome of that action in which judgment was finally rendered on default. Crump’s answer to this is that his appearance was dictated by a not altogether improbable or unwise assumption that the insured would similarly take issue with the insurer and he, Crump, simply protected himself.
An onerous burden is cast upon the MVAIC to undertake any genuinely productive investigatory steps in this matter. However, in light of the general purposes of the act to protect ‘ ‘ innocent victims ’ ’ of accidents involving uninsured motorists the court must lean toward that protected class (Insurance Law, § 600, subd. [2]). Requirements for eligibility under the statute have consistently been applied with vigor, and it would be patently unfair to now turn around and punish a claimant for adhering to them in a most rigid manner. The statute is still almost brand-new, and if there are unforeseen situations which crop up not otherwise specifically covered these usually difficult and unfairly balanced developments are most properly the subject of legislative study and action. In the last analysis a Judge can be nothing but the voice of the law, and not the law itself. The motion is granted.