Arnold L. Fein, J.
This is an application by Motor Vehicle Accident Indemnification Corporation (MVAIC) to stay arbitration, on the grounds that (1) arbitration is barred by the Statute of Limitations, and (2) the offending vehicle was insured.
The accident allegedly occurred on August 1, 1962. Two notices of claim were filed with MVAIC, the first on November 9,1962, on the basis of no insurance covering the offending vehicle, and the second on November 12, 1963 on the ground of disclaimer by the insurance company covering said vehicle.
The latter notice was based on the fact that on November 6, 1963, the insurance carrier for the alleged offending vehicle commenced a declaratory judgment against the claimants in this proceeding and the offending driver for judgment declaring that the policy covering the offending driver was void because of his fraudulent misrepresentations in obtaining the policy. That action was dismissed on February 1, 1965 and formal judgment of dismissal was entered.
The insurance carrier for the offending driver became insolvent and was taken over by the Pennsylvania Insurance Department on February 9,1965. In the meantime, claimants had instituted suit in Supreme Court, Westchester County, against the offending driver. His insurance carrier failed to defend the suit. Claimant wife recovered $50,000 for personal injuries, and claimant husband recovered $10,000 for medical hospital expenses and loss of services. Judgment was entered October 27, 1964.
It is undisputed that MVAIC was informed by claimants’ attorney of this suit and of the declaratory judgment action and the proceedings therein and also received various papers in connection with both. Demand for arbitration was made on August 13,1970.
At the time of the accident the offending vehicle was insured. The disclaimer by the insurance carrier created a triable issue whether the offending vehicle was uninsured (Matter of MVAIC [Malone], 16 N Y 2d 1027). Before such issue could be tried, it was necessary that the disclaimer action be defended and con- *780 eluded. The insolvency and liquidation of the insurance carrier is tantamount to a disclaimer or denial of coverage, permitting a claimant to proceed to arbitration under the arbitration indorsement under his own policy (Matter of Taub [MVAIC], 31 A D 2d 378). At the time of the accident here, the uninsured motorists ’ provision of claimants ’ policy required MVAIC to pay (Insurance Law, § 167, subd. 2-a, since amended to require claimants’ insurer to pay). The arbitration sought here is based upon an insurance contract subject to the six-year Statute of Limitations; not the three-year tort limitation (Matter of De Luca [MVAIC], 17 N Y 2d 76; Matter of MVAIC [McDonnell], 23 A D 2d 773).
Arbitration could only have been invoked here if the offending vehicle was in fact uninsured. The statute could not have begun to run against arbitration when the disclaimer was made, based on the insured’s alleged fraudulent representation in obtaining the policy, because arbitration could not proceed until after a determination upon a trial upholding the disclaimer (Matter of MVAIC [Malone], 16 N Y 2d 1027, supra). It follows that the mere commencement of the insurance carrier’s action for a declaratory judgment did not start the running of the statute. Only if the insurance carrier had succeeded in that action, would the statute start to run (Matter of Crump [MVAIC], 44 Misc 2d 180; see State Farm Mut. Auto. Ins. Co. v. Brown, 40 Misc 2d 694, revd. on other grounds 21 A D 2d 742; Allstate Ins. Co. v. Manger, 30 Misc 2d 326, 332). However, the dismissal of that action on February 1,1965 amounted to a determination that the offending vehicle was insured and that the disclaimer was invalid. Obviously there was then no basis for proceeding against MVAIC by arbitration or otherwise.
Only when the insurance carrier became insolvent could the claimants proceed against MVAIC. The right to arbitrate having then become ripe, the Statute of Limitations started to run when the insurance carrier became insolvent, on February 9, 1965. For purposes of proceeding against MVAIC, the offending vehicle became uninsured on that date (Matter of Taub [MVAIC], 31 A D 2d 378, supra). Since the demand for arbitration was duly served on August 13, 1970, less than six years from the date of insolvency of the insurance carrier, denoting uninsurance, the proceeding is timely.
Accordingly, the application is denied.